280 So.2d 183

**Charles Edward WELDON, alias**

**v.**

**STATE.**

**6 Div. 450.**

Court of Criminal Appeals of Alabama.

April 17, 1973.

Rehearing Denied May 15, 1973.

Charles O. Caddis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

**W. J. HARALSON, Supernumerary Circuit Judge.**

The appellant was charged with the first degree murder of William James Wells, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for ten years.

At the conclusion of the evidence offered by the State, the appellant moved to exclude because of the alleged failure of the State to prove venue. This motion was correctly overruled by the court since the record shows direct testimony offered by the State that the offense complained of happened in Birmingham.

At the conclusion of the oral charge to the jury, the appellant requested several charges in writing, some of which were given and some were refused. Among those refused was Charge No. 28, which is as follows: "Gentlemen of the jury, assault and battery is included in the charge against the defendant. Refused, Watson, J."

As we view this case, this is a question of importance to be decided in determining whether or not there is error to reverse under the testimony as reflected by the transcript of the record.

Title 15, Section 323, Code of Alabama 1940, provides:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

Under the provisions of this statute it has been held that assault and battery are included within an indictment for murder which when requested in writing should be given unless "inapplicable to or not justified by the facts." Duncan v. State, 30 Ala.App. 356, 6 So.2d 450; Moore v. State, 36 Ala.App. 551, 60 So.2d 708; Keel v. State, 29 Ala.App. 191, 194 So. 416.

If the charge was merely an abstract statement of the law, and not applicable as to the evidence, of course there would be no error in its refusal. Kelly v. State, 235 Ala. 5, 176 So. 807; Duncan v. State, supra.

No matter how slight the evidence may be supporting the defense offered by the appellant, he is entitled to have a correct statement of law given to the jury by the court and the determination of its weight is for the jury. Duncan v. State, supra; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636.

Defendant is entitled to charge on lesser offenses included in the indictment if there is any reasonable theory from the evidence which would support the position. Stovall v. State, 34 Ala.App. 610, 42 So.2d 636. Duncan v. State, supra.

Under the holdings of the above cited authorities, if the appellant did not cause or contribute to the death of the deceased, William James Wells, either by a blow on the head or if he was not a conspirator with anyone else in any action which caused his death, then this charge should have been given.

A brief reference to the evidence will show the State's contention that appellant first appeared at the home of the deceased (Wells) and his common-law wife, Mrs. Audrey Wells, on the morning of May 8, 1971. Appellant had a scuffle with two other men outside of deceased's apartment, after which the other men left. A few

minutes later on, as the deceased was seated on a bed in his bedroom in the presence of his wife and Robert Earl Ray, the appellant appeared in the room and struck the deceased on the head with a baseball bat twice; that shortly thereafter Robert Earl Ray knocked the appellant off the bed onto the floor, and thereafter two other persons, Charles Ray and Ben Frank Ray, brothers of Robert Earl Ray, appeared on the scene; that in the meantime, deceased's wife was restrained in the kitchen of the apartment by appellant. She heard sounds from the bedroom of a beating and stomping of the deceased, and when she was finally allowed back in the bedroom she found the deceased lying on the floor, bleeding from a wound on his head and badly bruised about the face; that she was warned by appellant not to mention the fact of the difficulty to anyone; that immediately thereafter he and the Rays left, and she called for assistance.

It further appears that appellant and the Rays had been drinking, and that the appellant had only a slight acquaintance with Charles Ray, and did not know the other two brothers.

The State's evidence further shows that an autopsy was performed on the body of the deceased by Dr. Joseph B. Beaird, and that he testified that there was a laceration on the side of deceased's head, contusions and puffiness about the face, and bruises upon the outside of his body visible from the preliminary examination made by him; and that he later opened the body and found a slight amount of blood between the inner and outer covering of the brain, but no fracture of the skull. He did find a laceration of the liver from which a great amount of blood had gone into the abdominal cavity. On the outside of the body, over the location of the liver, there was a bruise, apparently made by the heel of a shoe. In his opinion the death of the deceased (Wells) was caused by the laceration of the liver. He did not testify that the bruises nor laceration found on the head produced death, nor contributed thereto.

In appellant's testimony he contends that he did have a difficulty with the deceased, which was a part of the fight outside the apartment; that the deceased first struck him with an object which appeared to be a table leg, and that he took the instrument from the deceased and struck him on the side of the head twice, causing the laceration on the side of the head near the eye from which he bled; that he went back with the deceased into the apartment where he attempted, along with deceased's wife, to wipe away the blood with a towel, and that he never at any time struck or aided in striking the deceased about the body or anywhere again; that he did see the deceased lying on the floor and did see him being kicked at least once by Charles Ray when he and the Rays were leaving the apartment.

■ From a consideration of the testimony reflected in the record of this case, we feel that the questions of his guilt of the offense of assault and battery should have been submitted to the jury, and the court was in error in refusing the charge of assault and battery.

The other refused charges for appellant were either covered by the oral charge or given charges, and no error appears.

We have considered the record carefully, including the excellent charge of the court upon the four degrees of Criminal Homicide, and the other pertinent legal points. The case appears to have been carefully tried by the court with a view of protecting the rights of the State and the appellant, but for the failure to give the charge heretofore discussed, the case must be reversed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge

of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

All the Judges concur.