James Columbus Pennell was indicted for the murder of Rosa Pennell in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty as charged of murder" and the trial court sentenced him to life imprisonment in the penitentiary.
James Columbus Pennell and the deceased, Rosa Thomas Pennell, were divorced during the first week in March, 1981. Their daughter testified that the appellant had threatened to kill her mother on numerous occasions prior to their divorce and most recently when her father came to the trailer where his mother lived after the divorce.
During their marriage, the appellant beat his wife often. The appellant would not leave Mrs. Pennell alone even though she told him she would never live with him again.
On June 4, 1981, Mrs. Pennell was living in an apartment near the Enterpriser Motel in Enterprise. At approximately 2:52 a.m., Randy McCurry, who lived at the Enterpriser Motel, heard a woman scream for help. He looked out of his window and saw Mrs. Pennell coming from her apartment toward the motel. She was clutching at her chest, crying and yelling for help.
McCurry went outside to help her. Once he was outside he saw a beige Oldsmobile traveling at a high rate of speed, swerve toward Mrs. Pennell, but it did not hit her and instead, hit a parked truck.
Mrs. Pennell went into a breezeway at the motel, and the appellant, who was driving the beige Oldsmobile, backed up the car and blocked the breezeway.
At this time, McCurry went to his apartment to get a night club and when he returned, he saw Mrs. Pennell lying on the ground, and the appellant kneeling over her stabbing her with a hunting knife.
McCurry heard the appellant say to Mrs. Pennell, "I told you I would kill you, I told you I would kill." (R. 64).
The appellant then saw McCurry so he got in his car and left. McCurry went to Mrs. Pennell and he asked her who stabbed her and she replied "Jim did this." (R. 64-65). McCurry testified she was bleeding from the chest and throat.
On June 4, at approximately 2:05 a.m., Officer Robert Regal of the Enterprise Police Department observed the appellant in a tan Oldsmobile in the parking lot of the apartments where Mrs. Pennell lived. Regal checked his driver's license and talked to the appellant. He knew the appellant "had had a drink but that he was no ways near intoxicated." (R. 22). The appellant told Regal he was there to see his ex-wife but that he was on his way home and he drove away.
The same night, at approximately 2:58 a.m., Officer Regal received a call that a woman had been beaten up at the Enterpriser Motel. On his way there he saw the appellant enter the Dothan Highway near the Enterpriser Motel. When he arrived at the scene, he saw that Mrs. Pennell had been stabbed and he asked her who did it and she replied that "Jim had done it." (R. 24).
The paramedics arrived at 3:06 a.m. and Mrs. Pennell was in severe shock and bleeding from the chest. She was taken to the Coffee General Hospital emergency room.
Mrs. Pennell was pronounced dead on arrival at the hospital by Dr. Robert Wolff. He found that she had superficial cut wounds on her neck, a deep stab wound on the left side of her chest and her right hand was lacerated.
Dr. Thomas Gilchrist, a pathologist with the Department of Forensic Sciences performed an autopsy on the body of Mrs. Pennell. He believed the cause of death was a stab wound that entered the left chest cavity, entered the heart and led to severe internal hemorrhaging. He also testified that the cut wounds on her hands were consistent with Mrs. Pennell trying to fend off the attack with her hands.
The investigation revealed blood spots on the floor near the back door of Mrs. Pennell's apartment and a trial of blood from her apartment to the breezeway. The tires on Mrs. Pennell's car were flat and had *Page 681 
been slashed by a knife similar to the one found in the appellant's car on the morning of Mrs. Pennell's death.
The blood stains taken from the floor of Mrs. Pennell's apartment and from the blade of the appellant's knife were of blood group A. This was Mrs. Pennell's blood type.
On June 3, 1981, the appellant had called Mrs. Pennell and asked her to meet him. She told him no and said she was through with him.
The appellant then began drinking around 5:00 p.m. He went to bed at 10:30 p.m. but got up at 1:30 a.m. and started drinking again. He went to Mrs. Pennell's apartment and slashed the tires on her car shortly before he saw Officer Regal. He admitted he was mad at Mrs. Pennell and intended to kill her at this time.
The appellant admitted he stabbed Mrs. Pennell at her apartment and at the Enterpriser Motel. He even stated he had tried to run her down with his car.
He said he stabbed her with the intent to kill her and admitted he did say "I told you I was going to kill you." (R. 160).
The appellant said he was not so intoxicated on that night that he was unable to remember the events of the night.
 I
The appellant's only contention is that the trial judge refused to charge on the lesser included offense of manslaughter and therefore, reversible error was committed.
Section 13A-1-9 (b), Code of Alabama 1975 states:
 "The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
To charge on the lesser included offense of manslaughter, there must have been some reasonable theory from the evidence which would support that charge. Weldon v. State, 50 Ala. App. 477,280 So.2d 183 (1973). We do not believe one existed in the case at bar.
Section 13A-6-3 (a), Code of Alabama states:
"A person commits the crime of manslaughter if:
 (1) He recklessly causes the death of another person, or
 (2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
Certainly, it cannot be said the appellant recklessly killed Mrs. Pennell. He admits stabbing her at her apartment and at the motel and that he went there for that purpose.
Furthermore, we do not find that the appellant killed Mrs. Pennell "due to a sudden heat of passion caused by provocation". Alabama Code § 13A-6-3 (a). The appellant claims he and his ex-wife had been contemplating getting back together. The appellant went to visit out-of-state residents and when he returned, his ex-wife told him she did not want to see him again. He then became very angry and after brooding about it for a time, went to Mrs. Pennell's apartment and stabbed her in the heat of passion. He contends this was sufficient provocation to reduce the charge of murder to manslaughter.
We do not believe this situation was sufficient provocation to justify a charge on manslaughter in this case. There was ample testimony that the appellant stated he intended to kill Mrs. Pennell before and after their divorce and on the night of her death. The appellant himself admitted that he went to Mrs. Pennell's apartment with the intention of killing her. At the time he slashed her tires, he had that intention. There was a significant lapse of time between the time the appellant slashed her tires and the time he went to her apartment. Even this would have been a sufficient time to cool off had there been an *Page 682 
initial provocation. But, in this case, there was not.
The appellant went to Mrs. Pennell's apartment with the intention of killing her and did so. After a careful review of the record, we do not find any reasonable basis contained in the evidence, which would support the charge of the lesser included offense of manslaughter.
The trial judge was correct in refusing to give that charge.
Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
DeCARLO, P.J., and HARRIS and BOWEN, JJ., concur.