Allen Dale Clark was indicted for the intentional killing of one William Crawford during the course of a robbery in the first degree, in violation of § 13A-5-40 (a)(2), Code of Alabama 1975. The jury found the appellant "guilty of the capital offense as charged in the indictment" and recommended the appellant be sentenced to "life imprisonment without parole." After independently weighing the aggravating and mitigating circumstances, the trial judge accepted the jury's advisory verdict and sentenced the appellant accordingly.
On the night of December 21, 1981, the victim and the appellant were at the Bar C Lounge, along with Mary Wilson and Mary Pfitzner, who were the barmaids. The victim bought the appellant several drinks and at some point the appellant told Wilson he was "going to roll the old dude before the night was over." (R. 161).
While at the bar, the appellant used a large buck knife to open a can of oil for *Page 370 
Ms. Wilson. He put the oil in her car and placed the knife back in his pocket. The knife was found in the appellant's possession when he was arrested and a small amount of blood was on the knife.
At approximately midnight, the appellant and the victim left the bar together in the victim's Oldsmobile Cutlass automobile. Before the appellant left he asked Ms. Pfitzner to keep an eye on his car for him. When she left the bar around 1:00 a.m., the appellant's car was still parked outside.
According to the appellant, when he and the victim left the bar, they went to the victim's room at Palmer's Hillcrest Motel. At the motel, the victim, who allegedly was a homosexual, made sexual advances toward the appellant. The appellant objected and asked the victim to take him to his car. When he refused, the appellant shoved him, ran out the door and left in the victim's automobile.
The appellant then drove to Mississippi where he traded the victim's Oldsmobile Cutlass for a Volkswagon.
On the afternoon of December 22, 1981, the body of William Crawford was found in a room at Palmer's Hillcrest Motel in Irvington, Alabama. The cause of the victim's death was determined to be a stab wound to the heart.
 I
The appellant claims he was denied a fair trial and due process of law because the jury in his case was death qualified under the requirements of Witherspoon v. Illinois,391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). He contends this practice produced a jury which was conviction-prone and which did not represent a cross-section of the community, and thus, violates the principles set out in Taylor v. Louisiana,419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The appellant relies on a recent case, Grigsby v. Mabry, 569 F. Supp. 1273
(E.D.Ark. 1983), as authority. In Grigsby, supra, a federal district judge ruled that death qualified juries are "conviction-prone" and that a jury that has been death qualified cannot be considered fair and impartial with respect to the issue of the guilt or innocence of an accused.
First of all, as the State correctly points out in its brief, we are not bound by the decisions of any federal district court. See Ballew v. State, 292 Ala. 460, 296 So.2d 206 (1974).
Secondly, the very issue which the appellant now raises has been considered and decided adversely to the decision rendered in Grigsby, supra, by numerous state courts, the United States Eleventh Circuit, and most importantly, the United States Supreme Court.
In Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954,57 L.Ed.2d 973 (1978), the United States Supreme Court held that death qualified juries do not violate the principles of Taylor v.Louisiana, supra. Recently, this court in an opinion authored by Judge H. Bowen, Taylor v. State, 442 So.2d 128 (1983), stated that an accused is not necessarily prejudiced by the practice of qualifying the jurors pursuant to Witherspoon v.Illinois, supra, requirements. This court has also rejected the contention that death qualified juries are conviction-prone.McGinnis v. State, 382 So.2d 605 (Ala.Cr.App. 1979), cert. denied, 382 So.2d 609 (Ala. 1980).
Therefore, in the light of decisions directly on point, we hold that the appellant was not denied a fair and impartial trial according to the standards set out in Taylor v.Louisiana, supra, simply because the jury was death qualified. There is no error on this issue.
 II
The appellant's contention that one of the prospective jurors was improperly excluded under the requirements of Witherspoonv. Illinois, supra, is without merit. Since the appellant was not sentenced to death, Witherspoon is not applicable. SeeDavis v. State, 440 So.2d 1191 (1983); Eady v. State, 284 Ala. 327, 224 So.2d 876 (1969); Bumper v. North Carolina,391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). *Page 371 
 III
The appellant claims his Fourth Amendment rights were violated because the police officers arrested him in his home without an arrest warrant. Therefore, he contends the admission of this statement, which was obtained as a result of this alleged illegal arrest and detention, was reversible error. We disagree.
The appellant relies on Payton v. New York, 445 U.S. 573,100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) for this proposition. The United States Supreme Court in Payton, supra, states that ". . . the Fourth Amendment to the United States Constitution . . . prohibits the police from making a warrantless andnonconsensual entry into a suspect's home in order to make a routine felony arrest." (Emphasis added). The Court states clearly that ". . . in both cases we are dealing with entries into homes made without the consent of any occupant."
In this case, as the State points out in its brief, there is little evidence in the record concerning the facts and circumstances surrounding the appellant's arrest. The only testimony concerning the arrest came from Officer Estes. As the arresting officer, he stated that when he and Officer Tillman arrived at the appellant's home to make the arrest, the appellant did not offer any resistance and went with themvoluntarily to the police station. The appellant offers no evidence that he did not consent to the officers' entry or the arrest.
Therefore, the appellant incorrectly relies on Payton, supra, as authority. We find from the evidence contained in this record, that the officers made a warrantless but consensual
entry into the appellant's home to make this arrest.
Since the appellant does not argue the officers lacked probable cause to effectuate his arrest, we will not delve into that issue. From the little evidence contained in the record, we are of the opinion that the officers did have probable cause to make this arrest.
We find the appellant's arrest was proper and, therefore, his statement was correctly admitted into evidence.
 IV
The appellant objected to the admission into evidence of certain photographs on the ground that the prejudicial impact of those photographs far outweighed any probative value they might have.
This court has stated on numerous occasions that:
 "Photographs are admissible in evidence if they have `some tendency to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, to corroborate or disprove some evidence offered or to be offered.' Baldwin v. State, 282 Ala. 653, 655, 213 So.2d 819, 820 (1968). In addition, photographic exhibits are admissible even though they may be cumulative, demonstrative of undisputed facts, Craft v. State, 402 So.2d 1135
(Ala.Cr.App. 1981), or gruesome, McKee v. State, 33 Ala. App. 171, 31 So.2d 656 (1947). So long as the exhibits tend to shed light on the issues being tried, their admission is within the sound discretion of the trial judge. Thornton v. State, 369 So.2d 63
(Ala.Cr.App. 1979)."
Hopkins v. State, 429 So.2d 1146 (Ala.Crim.App.), cert. denied,429 So.2d 1146 (Ala. 1983).
The trial judge did not allow into evidence every photograph the State sought to introduce. At the motion to suppress hearing, he excluded some photographs because they were irrelevant. We do not find an abuse of his discretion on this issue. Therefore, the photographs at issue were properly admitted.
 V
The appellant asserts the alleged murder weapon was improperly admitted into evidence because the State failed to show a proper chain of custody.
 "To warrant the reception of an object in evidence against an objection that an unbroken *Page 372 
chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain. Dennison v. State, 259 Ala. 424, 427, 66 So.2d 552 (1953); Mullins v. State, 56 Ala. App. 460, 323 So.2d 109 (1975); Jemison v. State, 40 Ala. App. 581, 120 So.2d 748 (1960)." Sexton v. State, 346 So.2d 1177 (Ala.Cr.App.), cert. den., 346 So.2d 1180
(Ala. 1977).
We find it unnecessary to detail the chain of custody of the knife because after a review of the record, we believe the State sufficiently established a proper chain of custody of State's Exhibit 27. Therefore, it was properly admitted into evidence.
 VI
The appellant contends the State failed to prove a prima facie case because the State did not properly prove the time of the victim's death and the State did not prove the robbery occurred before, or at the same time as this homicide.
The appellant failed to cite any authority (and we did not find such) for the proposition that the time of death must be established before a conviction of capital murder may be obtained. The only time element which must be established under § 13A-5-40 (a)(2), Code of Alabama 1975 is that the State must prove the intentional murder occurred during the course of the robbery in question.
Even in those cases when a pathologist testifies as to the time of death, he cannot pinpoint the "actual moment of death." In most instances, a pathologist can only give, at best, a several hour time span in which the victim had died. Furthermore, we believe the State did prove that the victim was killed within a particular time frame. In the State's case in chief, one of the witnesses testified the victim was last seen leaving the Bar C Lounge with the appellant. The appellant's statement was admitted in which he stated he was with the victim at his motel in the early morning hours of December 22, 1981. The owner of Palmer's Hillcrest Motel found the victim's body some twelve hours later. There was no testimony that the victim was seen by anyone other than the appellant after they left the Bar C Lounge around midnight on the above date. Therefore, we believe the State did prove that the victim was killed sometime between midnight and 1:30 p.m., on December 22, 1981.
Therefore, there is no merit to the appellant's contention that his motion to exclude should have been granted because the State did not prove the robbery occurred prior to the killing.
 "In Cobern v. State, 273 Ala. 547, 142 So.2d 869
(1962), the Alabama Supreme Court held that the fact that the victim was dead at the time the property was taken would not militate the crime of robbery if the intervening time between the murder and the taking formed a continuous chain of events. See also Baker v. State, Ala.Cr.App., 344 So.2d 547 (1977). In the instant case the intervening time, if any there be, formed a continuous chain of events."
Clements v. State, 370 So.2d 708 (Ala.Cr.App. 1978), aff'd, in pertinent part, Ex Parte Clements, 370 So.2d 723 (Ala. 1979). See also Bufford v. State, 382 So.2d 1162 (Ala.Crim.App.), cert. denied, 382 So.2d 1175 (Ala. 1980).
At the time the three opinions cited above were rendered, our present capital statute was not in effect. However, the rationale of those cases is sound and will be here applied to the case at bar.
As the Alabama Supreme Court stated in Cobern v. State, supra:
 "The jury had the right to infer from the proven facts and circumstances that the robbery began when the attack took place and was consumated when defendant took the car and fled . . ."
From our review of the record, there was sufficient evidence presented by the State, from which the jury could infer that the appellant was guilty of the capital *Page 373 
offense charged, beyond a reasonable doubt. Therefore, the appellant's motion to exclude was properly denied.
 VII
The appellant urges that the refusal of the trial judge to charge the jury on the lesser included offense of manslaughter was error. We do not agree.
When an accused denies committing the offense charged itself, he is not entitled to charges on lesser included offenses. Dalyv. State, [Ms. 4 Div. 156, October 4, 1983], 442 So.2d 143
(Ala.Crim.App. 1983); Parker v. State, 337 So.2d 1378
(Ala.Cr.App. 1976); Williams v. State, 377 So.2d 634
(Ala.Cr.App. 1979).
At trial, the appellant explicitly denied killing the victim. Since the evidence at trial clearly demonstrated that, if the appellant was not guilty of the offense charged, he was innocent, then he was not entitled to a charge on the lesser included offense of manslaughter. Daly v. State, supra. Cooperv. State, 364 So.2d 382 (Ala.Cr.App.), cert. denied,364 So.2d 388 (1978).
Furthermore, a charge on a lesser included offense is not proper unless there is a reasonable theory from the evidence to support such a proposition. Daly v. State, supra, Ala. Code, §13A-1-9 (1975); Weldon v. State, 50 Ala. App. 477, 280 So.2d 183
(1973); Pennell v. State, 429 So.2d 679 (Ala.Cr.App. 1983).
"(a) A person commits the crime of manslaughter if:
 (1) He recklessly causes the death of another person, or
 (2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself." Ala. Code, § 13A-6-3 (1975).
The appellant presented absolutely no evidence that he recklessly killed the victim or that he killed him in the heat of passon due to provocation. In fact, as we discussed earlier, the appellant stated he did not kill the victim.
There was absolutely no reasonable theory presented at trial which would have supported a charge on manslaughter. Therefore, the trial judge correctly refused to charge the jury on the lesser included offense of manslaughter in this cause.
We have examined this record and find it free of error. For the reasons stated above, the judgment of the trial court is due to be and is hereby affirmed.
Affirmed.
All the Judges concur.