James Hill was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and the court sentenced him to 25 years' imprisonment in the penitentiary.
The facts of this case will be briefly stated. On the morning of August 23, 1982, the appellant's wife, Geraldine Parks Hill, was found dead in her bedroom. The cause of death was "blunt force trauma" to the head.
The appellant turned himself in to the police and voluntarily made a statement. In his statement, and again at trial, he maintained that he and his wife had an argument during the early morning hours of August 23, 1982. At some point, his wife came at him with a knife and threatened to kill him. The appellant then threw a baseball bat at her in self-defense.
 I
The appellant contends the trial judge erred by failing to instruct the jury on the lesser included offense of manslaughter.
An accused is entitled to a charge on lesser included offenses if there is any reasonable theory to support the theory and the position. Weldon v. State, 50 Ala. App. 477,280 So.2d 183, cert. denied, 291 Ala. 801, 280 So.2d 186 (1973). However, a charge on a lesser included offense shall not be given "unless there is a rational basis for a verdict convicting the defendant of the included offense." Ala. Code §13A-1-9 (b) (1975).
The facts of Wyllie v. State, 445 So.2d 958 (Ala.Crim.App. 1983), cert. denied, 445 So.2d 958 (Ala. 1984) are very similar to those of the case at bar. In addressing the issue now before us, Judge Harris in Wyllie, supra, wrote:
 "Appellant's testimony was presented in support of [his] claim of self-defense to prove that [he] was, indeed, justified in killing [his wife]. Implicit in appellant's version of the facts was the theory that [he] was provoked by [his wife's] attack upon [him]. If believed, appellant's version of the facts might have provided a `rational basis' for a conviction of manslaughter pursuant to § 13A-6-3 (a)(2), Code of Alabama 1975. But see, Pennell v. State, supra (evidence did not justify a manslaughter instruction). However incredible appellant's version of the facts might have been, in light of the state's convincing evidence to the contrary, there was evidence of sufficient provocation to reduce the offense from murder to manslaughter. See, Reeves v. State, 186 Ala. 14, 65 So. 160 (1914); Roberson v. State, 217 Ala. 696, 117 So. 412 (1928). Under these circumstances the jury would have been authorized to find the appellant guilty of only manslaughter, as the result of an imperfect claim of self-defense.
 "Although the labels have now changed with the restructuring of homicide offenses *Page 810 
in Alabama's new Criminal Code, the analyses applied in Reeves and Roberson still apply. The factual circumstances of Roberson, wherein the defendant claimed self-defense and provocation for shooting his victim, are very similar to those of the instant case. The Roberson court emphasized that `a defendant who claims self-defense is not thereby precluded from asserting that the homicide was committed under circumstances reducing it to manslaughter, where the evidence before the jury would so authorize.' The weight and credibility of appellant's evidence was a matter exclusively within the province of the jury and a proper manslaughter charge was warranted. Dennis v. State, 112 Ala. 64, 20 So. 925 (1896); Roberson v. State, supra. Although the new code restructuring of homicide offenses has helped somewhat, the difficulty of distinguishing between murder and manslaughter in any given case still exists. Therefore, it is still much the safer rule to charge upon all the degrees of homicide included in the indictment when a party is on trial for murder. Dennis v. State, supra. Reeves v. State, supra; Roberson v. State, supra; Phelps v. State, supra, and cases therein cited."
Wyllie, supra at 963.
The reasoning of Wyllie, supra, is sound and is applicable to the instant case. There is a reasonable theory to support a charge on the lesser included offense of manslaughter. Further, a rational basis can be found from the evidence for convicting the appellant of manslaughter. The trial judge's failure to give this charge was reversible error. Thus, we must reverse and remand this cause to the trial court.
Due to our decision on this issue, we pretermit a discussion of the other issues raised by the appellant on appeal.
REVERSED AND REMANDED.
All the Judges concur.