TYSON, Judge.
Theodore Parker was indicted for intentional murder, in violation of § 13A-6-2, Code of Alabama 1975. The jury found the *153 appellant “guilty as charged in the indictment” and he was sentenced to 99 years’ imprisonment in the state penitentiary.
At approximately 5:00 p.m. on October 27,1987, Lillie Mae Cope saw her husband, John Cope, the victim, leave their home in Union Springs, Alabama. He left in his beige pick-up truck with his dogs in the dog box in the back of the truck.
At approximately 7:00 that evening, Henry Lee Smith saw the appellant and the victim at the Cotton Tail Lounge in “The Bottom”. While there, the appellant and the victim had a misunderstanding as to whether the victim would give the appellant a ride. Smith again saw the victim and the appellant that night around 9:00 p.m. The appellant was driving the victim’s pick-up truck and the victim was sitting on the passenger’s side of the truck.
At approximately 10:00 on the same night, the appellant went to the trailer where his cousins, Lula Coleman and James Barber, lived in Midway, Alabama. Coleman noticed the appellant was driving a truck with some dog boxes on it.
The appellant then went to the home of another cousin, Horace King, who also lived in Midway. The appellant arrived there around 11:30 p.m. and asked King to take him to Union Springs, Alabama. King said he couldn’t take him that far and then took him back to Coleman’s and Barber’s trailer where the appellant spent the night.
Around midnight on the night in question, Clarence Miles noticed a pick-up truck parked near his home in Mount Andrew, Alabama. The next morning, Miles went to the pick-up truck because someone told him there were some dogs in the truck. Miles found the victim lying in the truck with a gunshot wound to the head. The victim’s death was a result of this wound.
Pete Cole, an investigator with the Bullock County Sheriff’s Department, received information on October 28, 1987, that the appellant and the victim had been together the previous night and that the appellant was at Barber’s trailer.
Cole went to Barber’s place of employment and asked Barber’s permission to go to his trailer to see the appellant. Barber gave his permission.
Cole then went to Barber’s trailer, along with some other officers. When the officers arrived, they saw the appellant looking out of the window. Cole went in the trailer and saw the appellant reach in his pocket. Cole said, “Theodore, don’t try it.” (R. 162). Sheriff Williams then reached into the appellant’s pocket and removed a gun. The bullet which killed the victim was later determined to have been fired through the gun which was found in the appellant’s pocket. The appellant was then placed under arrest.
I
The appellant contends that his arrest was illegal because the officers did not have probable cause to arrest him. Thus, he contends that his motion to suppress the items seized from his person should have been granted because these items were the fruit of an illegal arrest.
“Section 15-10-8, Code of Alabama, is the governing statute for warrantless arrests. This statute clearly allows an officer to make a warrantless arrest if he has reasonable and probable cause to effect that arrest. Whether the warrant-less arrest was lawful depends upon whether ‘at the moment the arrest was made, the officers had probable cause to make it.’ White v. State, 45 Ala.App. 1, 221 So.2d 117 (1969).”
Sterling v. State, 421 So.2d 1375, 1379 (Ala.Crim.App.1982).
“An officer may arrest any person without a warrant, on any day and at any time, for:
“(1) Any public offense committed or a breach of the peace threatened in his presence;
“(2) When a felony has been committed, though not in his presence, by the person arrested;
“(3) When a felony has been committed and he has reasonable cause to believe that the person arrested committed it;
“(4) When he has reasonable cause to believe that the person arrested has committed a felony, although it may after- *154 wards appear that a felony had not in fact been committed; or
“(5) On a charge made, upon reasonable cause, that the person arrested has com-mited a felony.”
Ala.Code § 15-10-3 (1975).
When the officers went to Barber’s trailer on October 28, 1987, they knew the victim had been killed and they had information which indicated that the appellant was with the victim in his truck on the night of October 27. The officers also knew that the appellant had asked several people late that night to give him a ride back to Union Springs. Although the appellant was a suspect in this murder when the officers went to Barber’s trailer, they were merely going to question the appellant concerning any information which he might have in regards to this murder. When the appellant reached into his coat pocket as Officer Cole entered the trailer, Cole told him not to try it, and then placed the appellant under arrest.
“The presence or absence of probable cause must be determined by examining the circumstances surrounding the arrest. Turk v. State, 53 Ala.App. 106, 298 So.2d 37 (1974). Under certain circumstances, the observed conduct of the suspect may furnish probable cause to arrest. Tiner v. State, 279 Ala. 126, 182 So.2d 859 (1966).”
Nance v. State, 424 So.2d 1358, 1362 (Ala.Crim.App.1982), cert. denied, 424 So.2d 1358 (Ala.1983).
Thus, we are of the opinion that, at the moment of this appellant’s arrest, the officers did have probable and reasonable cause to effect his arrest. The appellant’s arrest was lawful.
“Evidence obtained as a result of a search conducted incident to a lawful arrest is admissible.” Mauldin v. State, 402 So.2d 1106, 1109 (Ala.Crim.App.1981) (citation omitted).
The appellant’s arrest was legal as was the search incident thereto. The trial court correctly denied the appellant’s motion to suppress. Sterling, supra.
II
The appellant contends that the trial judge should have instructed the jury on the lesser included offense of manslaughter.
“An accused is entitled to a charge on lesser included offenses if there is any reasonable theory to support the theory and the position. Weldon v. State, 50 Ala. App. 477, 280 So.2d 183, cert. denied, 291 Ala. 80, 280 So.2d 186 (1973). However, a charge on a lesser included offense shall not be given ‘unless there is a rational basis for a verdict convicting the defendant of the included offense.’ Ala.Code, § 13A-1-9(b) (1975).” Hill v. State, 485 So.2d 808, 809 (Ala.Crim.App.1986).
Section 13A-6-3, Code of Alabama 1975 provides that:
“(a) A person commits the crime of manslaughter if:
“(1) He recklessly causes the death of another person, or
“(2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.”
We find absolutely no evidence of recklessness or legal provocation which would support a charge on manslaughter. The appellant contends that there was evidence of legal provocation because he and the victim were seen having a misunderstanding on the night in question. We disagree.
There is no indication in this record that the misunderstanding between the appellant and the victim was violent or anything more than just a mere exchange of disagreeable words. Thus, such evidence did not constitute legal provocation. See Perry v. State, 453 So.2d 762 (Ala.Crim.App.1984).
Furthermore, the appellant and the victim were seen together several hours later and there was no testimony that they were still having a disagreement. Thus, even if *155 legal provocation had existed earlier in the night (which we state there was not), several hours was certainly a reasonable time in which the appellant’s passions could have cooled.
Therefore, the trial judge correctly refused to charge the trial jury on manslaughter.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.