William Eugene Dees was convicted of trafficking in marijuana in violation of Ala. Code 1975, § 20-2-80. He was fined $25,000 and was sentenced to ten years' imprisonment, which was "split" with three years' incarceration and five years' probation.
 I
The defendant contends that the trial court erred in refusing to charge the jury on the lesser included offense of possession of marijuana.
Mobile police officers executed a search warrant at the defendant's residence on June 9, 1988. A "very small sandwich type bag" containing approximately a quarter of an ounce of wet marijuana was found in the house. A small metal box was found outside. See Part II below. This box was locked and, after the defendant did not produce a key when requested, the officers broke it open. The contents of the box included "[t]hree large clear plastic Ziploc bags of green plant material, . . . a set of Ohaus triple beam scales, . . . sandwich bags," and a set of keys to which was attached a driver's license bearing the photograph of the defendant's wife and issued in her name from a previous marriage. The green plant material was analyzed and determined to be marijuana. The defendant's fingerprints were found on one of the plastic bags in which the marijuana was packaged.
The defendant, his wife, his sister, and his brother-in-law testified at trial. The defendant testified that he directed the officers to a bedroom and gave them a small bag containing wet marijuana. However, he disclaimed ownership of the metal box and maintained that his fingerprints were on the plastic bag because police corporal Carr dropped one of the bags of marijuana in his lap and he was forced to catch it. He also presented evidence that he was not on good terms with his neighbors on Ruth Street and that the car keys belonging to his wife had been missing for several months.
An accused is entitled to an instruction on a lesser included offense "when there is a reasonable theory from the evidence supporting his position." Chavers v. State, 361 So.2d 1106,1107 (Ala. 1978). Accord Hill v. State, 485 So.2d 808, 809
(Ala.Cr.App. 1986); Woods v. State, 485 So.2d 1243, 1245
(Ala.Cr.App. 1986). This is true even if the evidence supporting the position is "weak or doubtful in credibility." Ex parteHannah, 527 So.2d 675, 677 (Ala. 1988). Accord Chavers v. State,361 So.2d at 1107.
The defendant was charged with the offense of trafficking in marijuana under Ala. Code 1975, § 20-2-80. In order to convict him of this offense, the prosecution *Page 1227 
had to prove that the defendant was in possession of in excess of 2.2 pounds of marijuana. § 20-2-80(1); Ex parte Bohannon,564 So.2d 854, 857 (Ala. 1988); Day v. State, 539 So.2d 410, 412
(Ala.Cr.App. 1988). The bulk of the marijuana was found in the metal box, of which the defendant disclaimed all knowledge and ownership. The defendant even offered evidence to explain how items which incriminated him came to be in the box. However, he admitted leading the officers to a bedroom and giving them the small bag of marijuana. This last action alone would have been sufficient to convict him of possession of marijuana as that offense was then defined under § 20-2-70. See generallyMcGruder v. State, 560 So.2d 1137, 1139-40 (Ala.Cr.App. 1989) (discussing requirements for conviction of constructive possession of controlled substance). Thus, under the facts of this particular case, the crime of possession of marijuana is a lesser included offense of trafficking in marijuana. See §13A-1-9(a)(1). Because there was some evidence to support the defendant's claim that he was guilty only of the lesser included offense of possession of marijuana, the refusal of the request to instruct the jury on the lesser included offense constitutes reversible error.
 II
Four other issues are raised by the defendant in this appeal. Because this case must be reversed for the reasons stated in Part I above, we decline to address three of those issues in this opinion. However, we note that one of the issues may have had merit, see Ray v. State, 549 So.2d 518 (Ala.Cr.App. 1989), and will undoubtedly arise again in the event the defendant is retried.
In the remaining issue, the defendant claims that the metal box containing several bags of marijuana was inadmissible because the search and seizure of the box was beyond the scope of the search warrant. We reject this claim.
A search warrant authorizing a search for marijuana at the "place" described as "656 Ruth Street, Mobile, Alabama," was obtained by Mobile police corporal Eddie Carr. When the officers arrived at the defendant's residence to execute this warrant, the defendant's wife, who was standing on the front porch, "stepped back to the door, the front door of the house which was open, and started yelling something to the people inside." The officers entered the residence and began their search. The defendant's wife, his sister, and his brother-in-law were "secured" inside the residence.
Corporal Carr testified that he located the defendant in the backyard and that the defendant "appeared to be attempting to climb [the] fence" which separated the defendant's backyard from the backyard of the house next door. The defendant was the only person in his backyard at that time. On the other side of the fence, in the backyard of the residence at 658 Ruth Street and "approximately three feet" from the location where the defendant had been standing, was a metal box. This box was "laying on its side."
Corporal Carr testified that, at the time he located the defendant in the backyard, he saw some children playing in the backyard of the house next door. One of these children, eleven-year-old Leon Curtis, testified that he was playing in the backyard of his grandmother's house located at 658 Ruth Street when "some things happened next door." Leon stated that the man who was living next door at that time "dug up something," later described by Leon as "a little box," and "threw it over my grandmama's fence." According to Leon, police officers came into the backyard "a little while" after the man threw the box over the fence. On cross-examination, Leon stated that the box was "all the way down into the ground" and that it took "about five seconds, ten seconds" for the man to dig it up. After a conversation with Leon and either his mother or aunt, Corporal Carr retrieved the metal box. During the State's rebuttal case, Corporal Carr testified that there was an empty hole in the defendant's backyard which was covered by a board and into which the metal box fit "perfectly." *Page 1228 
Initially, we observe that it is questionable whether the defendant has standing to challenge the search of a box which was seized from the real property of another and of which he denies ownership. See Rakas v. Illinois, 439 U.S. 128, 133-43,99 S.Ct. 421, 425-30, 58 L.Ed.2d 387 (1978). However, the prosecutor did not raise the issue of standing at trial, and thereby waived that argument on appeal. Cook v. State,574 So.2d 905, 908 (Ala.Cr.App. 1990). In fact, the prosecutor argued below that the defendant had an expectation of privacy in the box and that, for this reason, the box fell within the curtilage of the defendant's property.
It is clear that the box was not found in the defendant's backyard; it was found in the backyard of the residence next door. As the defendant correctly points out, " 'curtilage' does not include neighboring or nearby property which is beyond the property lines of the dwelling specified in the warrant."Landers v. State, 250 Ga. 808, 809, 301 S.E.2d 633, 634 (1983), quoted in Rogers v. State, 543 So.2d 719, 720
(Ala.Cr.App. 1988). In this case, however, the State's evidence clearly indicates that this box was in the defendant's backyard when the officers arrived. Had the box been found in the defendant's backyard, whether in a hole or otherwise, it would clearly have been within the curtilage of the residence. UnitedStates v. Griffin, 827 F.2d 1108 (7th Cir. 1987), cert. denied,485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988) (illegal substances found buried in the backyard of the premises for which the search warrant was issued were within the scope of the warrant). See generally Korreckt v. State, 507 So.2d 558,561-63 (Ala.Cr.App. 1986) (discussion of "curtilage"). Further, "any container situated within residential premises which are the subject of a validly-issued warrant may be searched if it is reasonable to believe that the container could conceal items of the kind portrayed in the warrant." United States v.Gray, 814 F.2d 49, 51 (1st Cir. 1987), quoted in United Statesv. Giwa, 831 F.2d 538, 543-44 (5th Cir. 1987). Clearly, the officers could have reasonably believed that marijuana was concealed in the box.
It is indisputable that the box would have been subject to search under the warrant had it been found within the curtilage of the defendant's residence. Common sense dictates that a defendant cannot be allowed to frustrate the purpose of a search warrant by throwing incriminating items into a neighbor's yard upon learning of the arrival of the police. We find language in United States v. Johnson, 475 F.2d 977
(D.C. Cir. 1973) to be applicable to this case, even though the question in Johnson concerned the propriety of a search of the purse of a visitor to the premises for which the warrant was issued:
 "[B]oth the information presented in the affidavit supporting the warrant, indicating that Stewart's apartment was a place where narcotics were sold as well as stored; and the delay, the suspicious noises that preceded the executing officers' entry into the apartment, and the apparent effort of Stewart to escape through the bedroom window, all suggesting attempts to thwart discovery of the illegal activity that the police suspected was being carried out on the premises. With emphasis on the limited nature of the circumstances presented, we hold that the search of the [the defendant's] purse was consistent with the demands of the Fourth Amendment. Under these facts, the police could reasonably have believed that items sought and described in the warrant had been concealed in the purse, and, notwithstanding [the defendant's] status as a visitor on the premises, could have searched the purse in pursuit of items for which the warrant issued.
 "In Walker v. United States, 117 U.S.App.D.C. 151, 327 F.2d 597, 600 (1963), cert. denied, 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964), this court permitted the search of a wallet and bag held by one who shared occupancy of the residence searched under authority of a warrant, holding that a contrary result 'would be to suggest that a warrant to search premises may be frustrated by the device of simply picking up the guilty object and holding it in one's hand.' Similarly *Page 1229 
here, frustration of the warrant's purpose should not be permitted where the facts reveal that to be the likely result were the purse not searched."
Johnson, 475 F.2d at 979 (footnotes omitted). In a case similar to Johnson, the Pennsylvania Supreme Court observed that "visitors to the premises could frustrate the efforts of police by placing contraband among their unworn personal effects or by announcing ownership of various articles of clothing and containers in order to place those items beyond the scope of the warrant." Commonwealth v. Reese, 520 Pa. 29, 34,549 A.2d 909, 911 (1988), cert. denied, ___ U.S. ___, 110 S.Ct. 3237,111 L.Ed.2d 748 (1990). The court then concluded: "We cannot sanction any rule that through fraud and gamesmanship erects barriers to the effective and legitimate execution of search warrants." Id.
The State's evidence indicates that the defendant, upon being warned by his wife that the police had arrived, removed the box from a hole in his backyard and dropped it over the fence. Like the Reese court, we will not permit "fraud and gamesmanship" to frustrate the purpose of an otherwise valid search warrant. The defendant's action of throwing the metal box into a neighboring yard cannot be permitted to frustrate the purpose of a valid search warrant which clearly would have authorized the seizure and search of the box had the box been found on the defendant's property. Consequently, the box and the items found therein were properly admitted into evidence.
For the reasons set forth in Part I above, the defendant's conviction is reversed. This cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.