TAYLOR, Judge.
The appellant, Andre Reginald Johnson, was convicted of burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975. He was sentenced to 25 years in prison pursuant to the Habitual Felony Offender Act.
The state’s evidence tended to show that two burglaries occurred during the early morning hours of May 8, 1991, at Alabama Industrial Distributors in Anniston, Alabama. The police responded to the business’s silent alarm about 4:00 a.m. The police notified an owner of the business, and the police and the owner went to the building. The owner discovered that a generator had been stolen. The owner then locked the door, and he and the police left.
The silent alarm was again activated at about 5:30 a.m. Again, the police and the owner went to the building. The police searched the building and found the appellant hiding inside. When a police officer told the appellant to “freeze,” the appellant attempted to run. Another police officer tackled the appellant to prevent his escape. The appellant had a flashlight and a glove, both of which had taken from the business.
The appellant was read his Miranda[1] rights and signed a waiver form. He then signed a written statement that he had entered the business premises and had taken a roll of postage stamps, a flashlight, and a pair of gloves. He said that he threw the roll of stamps down when he saw the police. He apparently dropped one of the gloves.
I
The appellant argues that the state did not prove a prima facie case of burglary in the third degree and thus the circuit court erred in denying his motion to exclude the state’s evidence. The appellant was indicted under § 13A-7-7, Code of Alabama 1975. Section 13A-7-7(a) provides that “[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.”
“This Court, in determining whether the State proved its prima facie case, is required to view the evidence in a light most favorable to the State and cannot substitute its judgment for that of the jury.” Marks v. State, 581 So.2d 1182, 1186 (Ala. Cr.App.1990). The evidence tended to show that the appellant was not lawfully in the building, and the jury could have inferred that he intended to commit a crime in the building from testimony that he was in possession of items in the building, that he admitted that he took the items, and that he attempted to flee from the police. The state presented sufficient evidence for the jury to find the appellant guilty of *459 burglary in the third degree. Based on the facts recited above, we hold that the circuit court did not err in denying the appellant’s motion to exclude the state’s case.
II
The appellant argues that the circuit court erred in receiving into evidence a flashlight and a glove that the police found in the appellant’s possession on the night of the burglary. The appellant contends that the state failed to prove a sufficient chain of custody of these items.
The Alabama Supreme Court in Ex parte Holton, 590 So.2d 918 (Ala.1991), recently set forth the standard to determine whether a sufficient chain of custody was proven. The Court stated:
“In order to establish a proper chain, the State must show to a ‘reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.’ McCray v. State, 548 So.2d 573, 576 (Ala.Crim.App.1988)-
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized.
In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.’ Imwink-lereid, The Identification of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973).”
Holton, 590 So.2d at 920.
“ ‘The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence.’ ” Ex parte Jones, 592 So.2d 210, 212 (Ala. 1991), quoting Williams v. State, 505 So.2d 1252, 1253 (Ala.Cr.App.1986), aff’d, 505 So.2d 1254, 1255 (Ala.1987). There is no hint, indication, or suggestion that the flashlight or glove was tampered with in any way. Furthermore, in this case and under these circumstances, whether these items were tampered with or not would not tend to prove or disprove the appellant’s guilt.
Several people testified at the trial concerning the flashlight and glove. It was this testimony that suggested that the appellant intended to use these things in furtherance of his intent to steal other more valuable things, and that he intended to take other more valuable things from the business. Two police officers testified that the appellant was in possession of a flashlight and glove on the night of the burglary. One identified the items at trial as being those in the appellant’s possession the night of the burglary. An owner of the business identified the items as property of the business. The appellant admitted in a signed statement that he took the items. Based on this evidence, receipt of these common and interchangeable items into evidence was no more than cumulative.
The appellant was not injured by the receipt of the flashlight and glove into evidence.
Ill
The appellant contends that the circuit court erred in not instructing the jury on the lesser included offense of criminal trespass in the second degree. Essentially, the difference between burglary in the third degree, § 13A-7-7, Code of Alabama 1975, of which the appellant was convicted, and criminal trespass in the second degree, § 13A-7-3, Code of Alabama 1975, is that criminal trespass does not include the element of “intent” to commit a crime.
“An accused is entitled to a charge on lesser included offenses if there is any reasonable theory to support the theory and the position. Weldon v. State, 50 Ala.App. 477, 280 So.2d 183, cert. denied, 291 Ala. 801, 280 So.2d 186 (1973). However, a charge on a lesser included offense shall not be given ‘unless there is a rational basis for a verdict convicting the defendant of the included offense.’ Ala. Code § 13A-l-9(b) (1975).”
*460 Hill v. State, 485 So.2d 808, 809 (Ala.Cr. App.1986).
There is no rational basis for charging the jury on the law of criminal trespass. The evidence tended to show that he did “intend” to commit a crime on the premises of Alabama Industrial Distributors. He had unlawfully entered the premises in the early morning hours. The only conceivable reason for his being there, under the evidence, was to carry out an intent to steal. He attempted to flee from the police when they discovered him on the premises. He admitted in a signed statement that he intended to take items from the place of business.
There is no reasonable theory to support the appellant’s contention that the was merely unlawfully on the business premises and had no intent to commit a crime there. It was not error for the circuit court to refuse to instruct the jury on the offense of criminal trespass under the facts of this case as presented.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).