TAYLOR, Judge.
The appellant, Darren Dewayne Bush, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975, and was sentenced to life in prison. The appellant’s only contention on appeal is that the evidence was insufficient to sustain his conviction.
The evidence tended to show that the appellant killed Denise Tanksley in September 1991. The victim’s partially decomposed, swollen, maggot-infested body was found on September 3, 1991, behind a vacant house at the corner of Martin Luther King Boulevard and Oak Drive in Mobile, Alabama. Most of the victim’s head had been blown away by a shotgun blast. Investigators found a shotgun shell in the area where the body was discovered.
The autopsy of the victim revealed that she not only had been shot, but also strangled and struck in the abdomen. The coroner testified that any of these injuries could have caused the victim’s death.
The shotgun that fired the shell found at the scene belonged to the appellant. Larry Shamburger, a friend of the appellant, testified that the appellant had given the gun to him to keep several weeks before the murder, but that the' appellant had gotten the gun back from him the week before the murder. He further testified that the appellant gave the gun back to Shamburger several days after the murder.
Shamburger said that the last time he saw the victim alive, she was with the appellant. He testified that he, the appellant, and the victim left the AmVets Club, a night club, together and went to the appellant’s mother’s house, and that he left the appellant and the victim there. Shambur-ger said that the appellant called him later that night and stated that the victim had performed oral sex on him. No one saw the victim again until her body was found a couple of blocks from the appellant’s house.
The appellant contends that his conviction was based on circumstantial evidence and therefore, he argues, the evidence was insufficient to support his murder conviction. Without agreeing with this assertion, we note that “circumstantial evi *1207 dence” is often the only evidence there is and may support a conviction. See Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.), writ denied, 368 So.2d 877 (Ala.1979). Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.
When reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the state. Johnson v. State, 611 So.2d 457 (Ala.Cr.App.1992). Here, there was sufficient evidence to sustain the jury’s verdict and to uphold the appellant’s conviction of the murder of Denise Tanksley.
AFFIRMED.
All the Judges concur.