Neal Benson Insley, the appellant, was convicted for trafficking in marihuana, was fined $25,000, and was sentenced to eight years' imprisonment. He raises three issues on this appeal from that conviction.
 I.
The trial court summarily denied the appellant's "Batson" motion because the appellant was white and because he was "not a cognizable member of a minority group. . . ." R.27. However, a criminal defendant has standing to challenge the peremptory strikes of jurors who are not members of the defendant's race.Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411
(1991); Ex parte Bird and Warner, [Ms. 89-1061 and 89-1062, June 14, 1991], 1991 WL 255213 (Ala. 1991).* The Attorney General candidly agrees with the appellant and concedes that this case must be remanded for the trial court to conduct a hearing pursuant to Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609
(1987).
Therefore, this cause is remanded to the trial court with directions that an evidentiary hearing be conducted at which the appellant is given the opportunity to establish a prima facie case of racial discrimination by the prosecution in the exercise of its peremptory strikes against black venire-members. In the event a prima facie case is established, the burden of production will shift to the State to articulate a legitimate race-neutral reason for each challenged strike. See Ex parte Bird and Warner, supra. At the conclusion of the evidentiary hearing, the trial court shall enter a written order of its findings of fact and conclusions of law. If the trial court finds no Batson-Branch violation, a transcript of the hearing and the written order of the trial court shall be filed in this court within 90 days after the date of this opinion. If the trial court finds a Batson-Branch violation, that court is empowered to set aside the appellant's conviction and to grant the appellant a new trial or other relief consistent with this opinion.
 II.
The appellant's argument that the prosecution failed to prove that the confiscated plant material contained in excess of 2.2 pounds of marihuana is without legal and factual merit. SeeEx parte Presley, 587 So.2d 1022 (Ala. 1991). "Stems" and "branches" are properly included within the statutory definition of marihuana. Day v. State, 539 So.2d 410, 412-13
(Ala.Cr.App. 1988).
 III.
In this case, the criminal offense of possession of marihuana in the first degree, as defined by Ala. Code 1975, § 13A-12-213, was not a lesser included offense of trafficking, as defined by § 13A-12-231, because the appellant admitted possession of the marihuana and because there was no evidence that the appellant possessed 2.2 pounds or less than 2.2 pounds of marihuana. The offense of trafficking depends upon the possession of more than 2.2 pounds of marihuana regardless of the possessor's intent for the use of the marihuana. *Page 591 
See Fowler v. State, 440 So.2d 1195, 1198 (Ala.Cr.App. 1983);Robinson v. State, 428 So.2d 148, 152 (Ala.Cr.App. 1982), cert. denied, 462 U.S. 1137, 103 S.Ct. 3122, 77 L.Ed.2d 1374 (1983). In a prosecution for trafficking in marihuana, the State need not prove that the defendant knew the weight of the marihuana proved to be in the defendant's possession. Way v. State,475 So.2d 239, 241 (Fla. 1985) (construing Fla.Stat.Ann. § 893.135
(West Supp. 1991), which defines the offense of trafficking in virtually the same terms as our own § 13A-12-231).
In Ex parte Caver, 512 So.2d 1314 (Ala. 1987), the defendant was entitled to a jury instruction on misdemeanor possession of marihuana as a lesser included offense of trafficking because the defendant admitted possession of a small amount of marihuana found in his residence but denied knowing about the presence of the larger amount found in his backyard. Accord,Dees v. State, 575 So.2d 1225 (Ala.Cr.App. 1990). Here, in contrast, the appellant admitted possession of all the marihuana involved and claimed that it was for his personal use only. The trial court properly refused his instruction on possession of marihuana in the first degree as a lesser included offense of trafficking.
In accordance with Part I of this opinion, this cause is remanded to the trial court.
REMANDED WITH DIRECTIONS.
All Judges concur.
* Reporter of Decisions' Note: The June 14, 1991, opinion inBird was withdrawn and a new opinion issued on December 6, 1991.