24218

The STATE of South Carolina, Respondent v. Gene RAFFALDT, Appellant.

(456 S.E. (2d) 390)

Supreme Court

*Jack B. Swerling*, Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen.*, Columbia, *Charles W. Gambrell, Jr., Chief Deputy Atty. Gen., Sean Kittrell, Sp. Deputy Atty. Gen.*, and *Anne Hunter Young, Asst. Atty. Gen.*, all of the *State Grand Jury Division*, Columbia, *for respondent.*

Heard Jan. 17, 1995.

Decided Mar. 27, 1995; Reh. Den. Apr. 19, 1995.

WALLER, Justice:

Appellant, Gene Raffaldt (Raffaldt), was convicted of trafficking in cocaine and was sentenced to twenty-five years and fined $50,000. We affirm.

## FACTS

The State Grand Jury indicted Raffaldt for trafficking in cocaine, alleging that he, along with Jesus Jiminez, William Kelly, Richard Smith, Michael Hayes, and Edward Burchett, conspired to bring one hundred grams or more of cocaine into the state from December of 1989 to March 14, 1991.[1]

At trial, Jiminez testified that he would transport cocaine from New York to various locations in South Carolina, where he would sell it to William Kelly. Specifically, on January 30, 1991, Jiminez bought a kilogram of cocaine from New York. He met Kelly in Pageland, South Carolina and gave him the cocaine. Kelly, along with Burchett, delivered the cocaine to Raffaldt at his house in Great Falls, at which time Raffaldt gave Kelly $26,000. Kelly then returned to Pageland and paid Jiminez $25,000.

Kelly, Burchett, and Hayes all corroborated Jiminez's account of the sale of January 30, 1991. Additionally, Kelly testified that he first met Raffaldt in the first part of 1990 at a rooster fight. Shortly thereafter, Kelly sold him 4 ounces of cocaine. After two similar transactions in 1990, they arranged for the sale and purchase of the kilogram on January 30, 1991.

Burchett testified that he has known Raffaldt all his life. He began purchasing quantities of marijuana from Raffaldt in

---

[1] The Grand Jury also indicted Raffaldt for a second count of trafficking concerning the delivery of one kilogram of cocaine on January 30, 1991. However, the State elected to proceed on the first count only.

1990 and, occasionally, also bought small amounts of cocaine. In 1991, Burchett set up cocaine deals between Kelly and Raffaldt. He corroborated the other witnesses' account of the kilogram deal of January 30, 1991.

## ISSUES

1. Was the State improperly allowed to present evidence of prior bad acts?
2. Was Raffaldt entitled to a mistrial based upon the State's closing argument?
3. Did the trial court incorrectly charge the jury as to circumstantial evidence?
4. Did the trial court err in refusing Raffaldt's requested charge on lesser included offenses?

## DISCUSSION

### 1. Prior Bad Acts

During direct examination of Kelly and Burchett, the State presented evidence that, beginning in 1990, Raffaldt sold marijuana to Burchett, who, in turn, sold it to Kelly. Raffaldt objected to the admission of this testimony.

The trial court held that the evidence of marijuana dealing by Raffaldt was admissible under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), since it indicated a common scheme or plan. We agree.

It is well settled that evidence of other crimes is generally inadmissible to prove the bad character of the defendant or to show that he acted in conformity therewith. However, in *Lyle*, it was established that:

> Evidence of other crimes is competent to prove the specific crime charged when it tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; or (5) the identity of the person charged with the commission of the crime on trial.

125 S.C. at 416, 118 S.E. at 806.

Recently, in *State v. Parker*, 315 S.C. 230, 433 S.E. (2d) 831 (1993), the Court elaborated on the common scheme or plan exception, noting that there must be a

close degree of similarity or connection between the prior bad act and the crime. *See State v. McClellan*, 283 S.C. 389, 323 S.E. (2d) 772 (1984). The trial court must "balance the probative value of the evidence against its prejudicial effect, and where the evidence is of such a close similarity to the charged offense that the previous act enhances the probative value of the evidence so as to 'overrule the prejudicial effect,' it is admissible." 315 S.C. at 231, 433 S.E. (2d) at 832 (*citing McClellan, supra*). Moreover, the defendant's prior bad act must be established by clear and convincing proof. *Id.*

Here, the record shows that the method of marijuana dealing between Raffaldt and Burchett was quite similar to the cocaine conspiracy. We find that the evidence of prior drug dealing between Raffaldt and Burchett, which gave rise to the cocaine transactions, was admissible as a common scheme or plan. *See State v. Hammond,* 270 S.C. 347, 242 S.E. (2d) 411 (1978) (possession of marijuana is relevant to possession with intent to distribute cocaine); *State v. Moultrie,* — S.C. —, 451 S.E. (2d) 34 (Ct. App. 1994) (defendant's prior involvement in drug trade admissible to prove nature and existence of marijuana trafficking); *U.S. v. Rawle,* 845 F. (2d) 1244 (4th Cir. 1988) (defendant's prior drug dealings admissible to show common scheme or plan).

### 2. *Closing Argument*

In closing, the State argued:

> Did all these folks get together to scheme on this to get Gene Raffaldt and all Gene could say is chickens?[2] . . . Cause to believe that he was dealing with just chickens, you'll have to not only disbelieve the witnesses you heard, but every Officer involved.

Raffaldt moved for a mistrial and the motion was denied. He argues that the State improperly pitted the State's witnesses against the defendant's testimony. We disagree.

It is well settled that the trial court is vested with broad discretion in determining the propriety of the solicitor's argument, and his ruling will be upheld where

---

[2] Raffaldt testified that his connection with Kelly and Burchett was through chicken fighting rather than drugs.

there is not abuse of discretion. *State v. Livingston*, 282 S.C. 1, 317 S.E. (2d) 129 (1984); *State v. Penland*, 275 S.C. 537, 273 S.E. (2d) 765 (1981). The solicitor has the right to give his version of the testimony and to comment on the weight to be given to the testimony of the defense witnesses. *State v. Allen*, 266 S.C. 468, 224 S.E. (2d) 881 (1976); *State v. Pitts*, 256 S.C. 420, 182 S.E. (2d) 738 (1971). Therefore, although the State cannot "pit" witnesses during questioning, it may comment on the credibility of the witnesses in argument.

Here, the solicitor's argument is supported by the evidence presented at trial. Since this case was essentially a "swearing contest," it was proper for the solicitor to comment on the credibility of the witnesses and the defendant. We find no abuse of discretion by the trial court in upholding the solicitor's argument.

### 3. *Circumstantial Evidence Charge*

The trial court charged the jury on circumstantial evidence as follows:

Now where the State relies solely upon circumstantial evidence to support a conviction, it's necessary that every circumstance be proved beyond a reasonable doubt, and all of the circumstances so proven must be consistent with each other and taken together must point conclusively to the guilt of the accused to the exclusion of every other reasonable hypotheses. It's not sufficient that circumstantial evidence creates a probability even though it may be a strong probability. So in the consideration of circumstantial evidence, you must seek some reasonable explanation other than the guilt of the accused and if such reasonable explanation can be found, then you cannot convict upon circumstantial evidence alone.

In *State v. Manning*, 305 S.C. 413, 409 S.E. (2d) 372 (1991), the Court held that a charge similar to that in the case at hand was not proper: "The charge given in this case turns the State's burden of proof on its head by requiring the jury find a 'reasonable explanation' of the evidence inconsistent with appellant's guilt before it can find him not guilty." 305 S.C. at 417, 409 S.E. (2d) at 374. However, the circumstantial evidence charge was read in conjunction with a constitutionally

defective reasonable doubt charge. The Court concluded that the entire charge could be interpreted "to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." *Id.*

Here, although the circumstantial evidence charge was in error, the jury instructions, when read as a whole, do not convey that a lesser degree of proof is permissible. The trial court charged, quite extensively, that the State had the burden of proving the defendant guilty beyond a reasonable doubt. Reasonable doubt was defined as the "kind of doubt which would cause a reasonable person to hesitate to act," as recommended by the Court in *Manning.* Accordingly, this case is distinguishable from *Manning.*

We find any error in the circumstantial evidence charge to be harmless.

#### 4. *Lesser Included Offenses*

Raffaldt contends the trial court erred in failing to charge the jury on the lesser included offenses of conspiracy to distribute, conspiracy to possess with intent to distribute, and conspiracy to possess. We disagree.

The trial court charged the jury that "any person who knowingly conspires to sell, deliver or bring into this state ten grams or more of cocaine or any mixture containing cocaine is guilty of a felon which we call trafficking in cocaine." Upon Raffaldt's request for a charge on lesser included offenses, the court gave the jury a supplemental charge as to trafficking in which he broke the trafficking charge down into three weight categories: more than 100 grams; more than 28 grams but less than 100 grams; and, more than 10 grams but less than 28 grams.

Trafficking in cocaine is defined as follows:

Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of:

(2) ten grams or more of cocaine or any mixtures containing cocaine, as provided in Section 44-53-210(b)(4), is guilty of a felony which is known as "trafficking in cocaine" . . .

S.C. Code Ann. § 44-53-370(e)(2) (Supp. 1993).

Therefore, trafficking may be accomplished by a variety of criminal acts, to wit:

—knowingly selling, manufacturing, cultivating, delivering, purchasing, or bringing ten grams or more of cocaine (or any mixtures containing cocaine) into this State; or
—providing financial assistance or otherwise aiding, abetting, attempting; or
—conspiring to sell, manufacture, cultivate, deliver, purchase, or bring ten grams or more of cocaine (or any mixture containing cocaine) into this State; or
—knowingly having actual or constructive possession or knowingly attempting to become in actual or constructive possession of ten grams or more of cocaine (or any mixtures containing cocaine).

Is is the amount of cocaine, rather than the criminal act, which triggers the trafficking statute, and distinguishes trafficking from distribution and simple possession. If the amount of cocaine, or any mixture containing cocaine, is ten grams or more, the trafficking statute is applied.

Here, the charges requested by Raffaldt relate to the various ways to commit distribution and possession. *See* S.C. Code Ann. § 44-53-370(a) and (d)(3) (1985 and Supp. 1993). However, all the evidence indicated that Raffaldt was dealing in quantities of cocaine of at least four ounces in connection with the conspiracy. Accordingly, he was only entitled to charges on trafficking, not distribution or possession. *See Gilmore v. State*, 314 S.C. 453, 445 S.E. (2d) 454 (1994); *State v. Grandy*, 306 S.C. 224, 411 S.E. (2d) 207 (1991) (defendant not entitled to charge on lesser included offense when evidence does not warrant such a charge).

The remaining issues are affirmed pursuant to Rule 220(b)(1) and the following authorities: *State v. Longworth*, 313 S.C. 360, 438 S.E. (2d) 219 (1993); *State v. Dawkins*, 297 S.C. 386, 377 S.E. (2d) 298 (1989); *State v. Craig*, 267 S.C. 262, 227 S.E. (2d) 306 (1976); *State v. Stone*, 285 S.C. 386, 387, 330 S.E.

(2d) 286 (1985) (Appellant waived any objection on appeal by failing to request instruction); *State v. Austin*, 299 S.C. 456, 385 S.E. (2d) 830 (1989); *State v. Barwick*, 280 S.C. 45, 310 S.E. (2d) 428 (1983); *State v. Wilson*, — S.C. —, 433 S.E. (2d) 864 (1993).

Affirmed.

FINNEY, C.J., MOORE, J., and A. LEE CHANDLER and GEORGE T. GREGORY, Jr., Acting Associate Justices, concur.