The appellant, John William Riley Willingham, appeals from his conviction for possession of a controlled substance (a Class C felony) pursuant to his plea of guilty. Ala. Code 1975, § 13A-12-212. He had been indicted for trafficking in methamphetamine (a Class A felony), but pursuant to a plea agreement, he pleaded guilty to possession of a controlled substance to avoid a sentence of life imprisonment without the possibility of parole as a habitual felony offender. The following punishment was imposed: imprisonment for life, that sentence to run concurrently with two sentences already being served; payment of $1,000 under the Demand Reduction Assessment Act, court costs, and a crime victims assessment of $50; and forfeiture of $154 seized when Willingham was arrested.
 I.
Willingham first contends that the trial court had no jurisdiction to render the judgment or to impose the sentence because, he argues, the charge to which he pleaded guilty could not have been a lesser included offense of the offense for which he was indicted. See Johnson v. State,675 So.2d 85, 86 (Ala.Crim.App. 1995) ("[a] trial court lacks jurisdiction to accept a plea of guilty to an offense not encompassed by the charge in the indictment"). The indictment charged that Willingham "did unlawfully and knowingly have in actual or constructive possession in excess of 28 grams of methamphetamine, in violation of Section13A-12-231(11) of the Code of Alabama [1975]." He argues that the evidence in the record establishes that he was in possession of 32.546 grams and that, under these facts, possession was not a lesser offense.
Willingham relies on Insley v. State, 591 So.2d 589 (Ala.Crim.App. 1991). In Insley, the court held that the trial court properly refused the appellant's request, in his trial for trafficking in marijuana, that the jury be instructed on the offense of first-degree possession of marijuana as a lesser offense of trafficking. The court found that the offense of first-degree possession of marijuana was not a lesser included offense of trafficking, under the facts of that case, because the appellant had admitted possession of the marijuana and because there was no evidence indicating that the appellant had possessed 2.2 or fewer pounds of marijuana. (The offense of trafficking of marijuana under §13A-12-231(1) requires the possession of more than 2.2 pounds.) However, the court continued:
 "In Ex parte Caver, 512 So.2d 1314 (Ala. 1987), the defendant was entitled to a jury instruction on misdemeanor possession of marihuana as a lesser included offense of trafficking because the defendant admitted possession of a small amount of marihuana found in his residence but denied knowing about the presence of the larger amount found in his backyard. Accord, Dees v. State, 575 So.2d 1225 (Ala.Cr.App. 1990). Here, in contrast, the appellant admitted possession of all the marihuana involved and claimed that it was for his personal use only."
591 So.2d at 591. See also Ex parte Darby, 516 So.2d 786, 788 (Ala. 1987) (where a defendant is in actual possession of a small quantity and in constructive possession of a quantity large enough to be charged with trafficking, but denies knowledge of the presence or contents of the larger quantity, the offense of possession is a lesser included offense of trafficking); Atwell v. State, 594 So.2d 202, 212-14 (Ala.Crim.App. *Page 443 
1991) (where the evidence did not establish the defendants' possession of a container of marijuana found on the side of the road, but did establish possession of a container found in the defendants' truck, the evidence did not support a trafficking conviction, but could support a conviction for one of the lesser offenses of possession). In the case before us, unlike the defendant in Insley, Willingham pleaded guilty to the charge of possession of less than the amount required for trafficking, thereby admitting to having possessed an amount not in excess of 28 grams. When entering his plea to the charge of unlawful possession, Willingham answered affirmatively the court's question, "Are you pleading guilty because you are, in fact, guilty?" Willingham's assertion on appeal that the evidence established that he was in possession of 32.546 grams must be based on the certificate of analysis of the controlled substance associated with Willingham's case, which is included in the record as an attachment to the prosecution's response to Willingham's discovery motion. Although it shows that the total weight of the powder containing amphetamine and methamphetamine was 32.546 grams, it also shows that the powder was packaged in 11 plastic zip-lock bags. For all we know, Willingham might have been in possession of only some of the bags, the aggregate contents of which weighed 28 grams or less, and thus guilty of the lesser offense. We find Insley unpersuasive under the limited facts here.
Willingham also relies on the holding in Sears v. State, 479 So.2d 1308,1311-12 (Ala.Crim.App. 1985), that "the offenses of possession and trafficking were intended by the legislature to be separate offenses warranting cumulative punishments." However, Willingham neglects the caveat to this general holding: "if the offenses of possession and trafficking stem from possession of the same controlled substance, the two offenses are not separate offenses, but rather the offense of possession is a lesser offense included in the offense of trafficking."Id. at 1312 n. 2.
Nothing in the record raises any question whatsoever regarding the trial court's jurisdiction to accept Willingham's guilty plea to the offense of possession: the limited facts of the offense in this case do not suggest that possession was not a lesser offense included in trafficking. Compare Scott v. State, 742 So.2d 799 (Ala.Crim.App. 1998) (the defendant's admission in his guilty plea colloquy suggested that the indicted offense of conspiracy to distribute a controlled substance did not encompass the offense of unlawful distribution of a controlled substance, to which the defendant had pleaded guilty, and § 13A-12-205
states that criminal conspiracy to commit a controlled-substance crime is an offense included in any charged controlled-substance crime).
 "A court of general jurisdiction proceeding within the scope of its powers will be presumed to have jurisdiction to give the judgments and decrees it renders until the contrary appears. So, a court of general jurisdiction is presumed to have acted within its powers, and the burden is on the accused affirmatively to show that it had no jurisdiction, unless facts showing want of jurisdiction affirmatively appear on the record."
22 C.J.S. Criminal Law § 174 (1989). "[A] court conducting a criminal proceeding is presumed to have jurisdiction, whether or not there are recitals in its record to show it." 22A C.J.S. Criminal Law § 702 (1989).
Moreover, as noted above, when the statutory elements of each offense are compared, the offense of possession is a lesser offense of trafficking of the same *Page 444 
substance. Both require proof of the same elements, except that trafficking requires proof of an additional element: possession of more than 28 grams of methamphetamine. Cf. Ex parte Hubbard,562 So.2d 583 (Ala. 1989) (making the same observation as to marijuana). Thus, it is not a legal impossibility for possession to be a lesser offense of trafficking. Compare R.J.K. v. State, 782 So.2d 851
(Ala.Crim.App. 2000) (because the offenses of first-degree rape under § 13A-6-61(a)(3) and second-degree rape under § 13A-6-62(a)(1) each require proof that the victim is a certain age and the age for each is different, second-degree rape is not a lesser offense of first degree under the particular subsections noted). Thus, we conclude that, based on the record before this court, the offense to which Willingham pleaded was a lesser included offense of the offense for which he was indicted. The record does not overcome the presumption that the trial court had jurisdiction to render the judgment of conviction of unlawful possession of a controlled substance and to sentence Willingham accordingly.
 II.
Willingham also asserts that he did not enter his guilty plea voluntarily and intelligently, with a full understanding of the charge, in compliance with Ala.R.Crim.P. 14.4(a). He asserts that when he entered that plea he was under duress,[1] and that the trial court failed to explain the nature of the charge of unlawful possession of a controlled substance and its material elements. "In order to challenge the validity of a guilty plea on appeal, the issue must first be presented to the trial court by a timely objection, a motion to withdraw the guilty plea, or by a motion for a new trial." Grays v. State, 782 So.2d 842, 844
(Ala.Crim.App. 2000). This was not done here. Accordingly, this issue was not preserved for appellate review. Brown v. State, 712 So.2d 1112
(Ala.Crim.App. 1997).
 III.
Willingham next contends that the trial court failed to establish a factual basis before accepting his plea, as required by Rule 14.4(b). This issue was likewise not preserved for our review. See Moore v.State, 668 So.2d 100, 102 (Ala.Crim.App. 1995) ("[e]stablishing a factual basis for a guilty plea is a separate component of the plea process and the failure to do so must be raised in the trial court in order for the issue to be preserved for appellate review").
 IV.
Finally, Willingham asserts that his trial counsel was ineffective for the following reasons: (1) counsel, he says, should have requested an independent analysis of the evidence seized; (2) no records were produced to show the ownership of the vehicle the appellant was driving at the time of his arrest so as ultimately to show that the vehicle's owner had framed Willingham because, he says, the owner had been arrested for possession of drugs and he was attempting to perform "substantial assistance" to receive a lighter sentence; (3) counsel did not question the chain of custody of the contraband; (4) counsel did *Page 445 
not object to the prosecutor's telling Willingham that, if his case went to trial, he would receive a sentence of life imprisonment without the possibility of parole; (5) "counsel did not attempt to get someone to assist the narcotics task force in an effort to get the appellant a reduced sentence" (appellant's brief, p. 12); and (6) there was no probable cause to search the vehicle. The assertions are without factual or legal support.
The trial court accepted Willingham's guilty plea on April 21, 2000. Appellate counsel (who was different from trial counsel) was appointed on May 11, 2000. These claims of ineffective counsel were not presented to the trial court. Such claims cannot be presented on direct appeal where they were not first presented to the trial court. Montgomery v. State, 781 So.2d 1007 (Ala.Crim.App. 2000). "`[A]n ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal.'" Id. at 1010 (quoting Ex parte Ingram,675 So.2d 863, 865 (Ala. 1996)). We thus have no issue before us: none was preserved in the trial court.
Accordingly, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
AFFIRMED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] Willingham executed an "Explanation of Rights and Plea of Guilty" form and a written plea agreement. Below Willingham's signature on these two forms are two handwritten words: the first is illegible and the other is "Duress." In his brief, he claims that the two words are "Under Duress." Willingham indicated, in the plea colloquy, that this "duress" was the possibility of the imposition of the mandatory life-imprisonment-without-parole sentence if a jury found him guilty of trafficking. *Page 446