818 So.2d 424 (2001)
Ex parte Stanley F. WASHINGTON.
(Re Stanley Frieson Washington v. State of Alabama).
1000574.
Supreme Court of Alabama.
October 12, 2001.
*425 J. William Cole of Luker, Cole & Associates, L.L.C., Birmingham, for petitioner.
Bill Pryor, atty. gen., and Sandra J. Stewart, asst. atty. gen., for respondent.
WOODALL, Justice.
Stanley Frieson Washington was indicted for trafficking in cocaine, a violation of § 13A-12-231(2), Ala.Code 1975; distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975; and two counts of failure to affix a tax stamp, a violation of § 40-17A-4, Ala.Code 1975. A jury convicted Washington on all counts. Washington appealed his conviction to the Court of Criminal Appeals, which affirmed the judgment of the trial court on all counts. Washington v. State, 818 So.2d 411, 415 (Ala.Crim.App.2000) (opinion on return to remand). Subsequently, Washington filed a petition for certiorari review with this Court, which we granted. We affirm the judgment of the Court of Criminal Appeals.
Washington argues that the trial court erred in refusing to instruct the jury that, under § 13A-12-231(2), Ala.Code 1975, the State must prove that Washington knew that the quantity of cocaine he possessed exceeded 28 grams.[1] Section 13A-12-231(2) provides:
"(2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'"
In support of his interpretation of § 13A-12-231(2), Washington cites Calhoun v. State, 460 So.2d 268 (Ala.Crim. App.1984). He relies on the statement in that case that "under our trafficking statute, the State must prove that the accused knew he was in possession of more than one kilo of marijuana." Calhoun, 460 So.2d at 270. However, the pertinent issue *426 in Calhoun was not whether the defendant knew the precise quantity of the illegal substance, but whether "he knew he was in actual or constructive possession of more than 2.2 pounds of marijuana." Id. Thus, the court was not asked to decide whether the State was required to prove that Calhoun knew the quantity of marijuana he possessed, but rather, whether the State had offered sufficient proof that Calhoun was in actual or constructive possession of an illegal substance. Furthermore, in finding the evidence sufficient to submit the issue of Calhoun's guilt to the jury, the court stated: "Here, the quantity of the marijuana and paraphernalia found and its location throughout the house, when coupled with Calhoun's admission of ownership of some of the marijuana, constitutes sufficient circumstantial evidence to show Calhoun's knowing possession and control of the marijuana." Thus, in finding that the State presented sufficient evidence, the court did not require the State to prove that the defendant knew the actual quantity of the illegal substance.
The Court of Criminal Appeals has consistently interpreted the various subsections of § 13A-12-231 as requiring the State to prove the knowing possession of the controlled substance, but not knowledge of the actual quantity possessed. See Harris v. State, [Ms. CR-99-1439, August 25, 2000] ___ So.2d ___, ___ (Ala.Crim. App.2000) ("In order to present a prima facie case of trafficking in cocaine, the State must prove that the defendant was knowingly in actual or constructive possession of 28 grams or more of cocaine. Korreckt v. State, 507 So.2d 558 (Ala.Crim. App.1986). The state is not required to prove that the defendant knew that the cocaine in his possession weighed 28 grams or more."). See also Insley v. State, 591 So.2d 589, 591 (Ala.Crim.App.1991) ("In a prosecution for trafficking in marihuana, the State need not prove that the defendant knew the weight of the marihuana proved to be in the defendant's possession."). This Court has also stated that the State must prove only that the defendant was knowingly in possession of a quantity of the illegal substance exceeding the quantity required under the trafficking statute. See Ex parte Presley, 587 So.2d 1022, 1023 (Ala.1991).
Other jurisdictions have interpreted very similar statutes in the same manner. The Delaware Supreme Court concluded that its legislature "intended the mens rea to encompass only the substance itselfa knowledge of the amount need not be proven by the State. Thus, `[t]he word "knowingly," as used in the statute, modifies only the possession element of the offense and not the quantity.'" Robertson v. State, 596 A.2d 1345, 1355 (Del.1991). The Court of Appeals of Georgia has stated: "The trafficking statute explicitly requires as the mens rea that defendant know he or she possesses the substance and know it is cocaine ... The statute is not, however, reasonably subject to the construction urged, that defendant must know or should know the substance possessed weighs at least 28 grams." Cleveland v. State, 218 Ga.App. 661, 663, 463 S.E.2d 36, 38 (1995). The Supreme Court of Massachusetts reached much the same conclusion in Commonwealth v. Rodriguez, 415 Mass. 447, 453, 614 N.E.2d 649, 653 (1993). That court stated:
"[T]he Commonwealth need not prove that the defendant had actual knowledge of the quantity. Instead, in order to convict, the Commonwealth must satisfy the jury that the amount of cocaine was fourteen grams or more.... The judge was not required to instruct the jury that the defendant had to have actual knowledge that the quantity of cocaine was fourteen grams or more."
*427 As the Supreme Court of South Carolina stated: "It is the amount of cocaine, rather than the criminal act, which triggers the trafficking statute, and distinguishes trafficking from distribution and simple possession." State v. Raffaldt, 318 S.C. 110, 117, 456 S.E.2d 390, 394 (1995). It is the same under § 13A-12-231(2). The criminal act is the sale, manufacture, and transportation to the State, or the possession of cocaine. The requirement that the defendant be in possession of 28 grams or more merely triggers the appropriate sentences and fines under the trafficking statute. Therefore, the trial court did not err in refusing to give Washington's requested jury instruction. We have considered Washington's other arguments and have found them to be without merit. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON,
BROWN, HARWOOD, and STUART, JJ., concur.
SEE, J., concurs in the result.
LYONS and JOHNSTONE, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent from the decision to affirm the judgment of the Court of Criminal Appeals in its affirmance of Washington's conviction for trafficking in cocaine. We should reverse this particular conviction and remand this case for a retrial on this particular charge with an appropriate jury instruction on the essential elements of trafficking in cocaine.
The trial judge erred in refusing the defendant's requested jury instruction as follows:
"In order to convict the Defendant of Trafficking in cocaine, not only must the State prove that he knowingly possessed the controlled substance, the State must also prove beyond a reasonable doubt that the Defendant knew that the amount of cocaine exceeded 28 grams."
While the Court of Criminal Appeals held that "[t]he State is not required to prove that the defendant knew that the amount he possessed weighed more than 28 grams," Washington v. State, 818 So.2d 411, 422 (Ala.Crim.App.2000), this holding directly conflicts with the text of the statute itself, § 13A-12-231(2), Ala.Code 1975, which reads:
"Any person who knowingly sells, manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'" (Emphasis added.)
This statute expressly applies the element of knowledge to "28 grams or more of cocaine." The text of the statute is at least as positive in applying the mental state of knowledge to the quantity of cocaine as the text is in applying that same mental state to the identity of the cocaine. Indeed, a normal reading of the statute, from top to bottom and from left to right without skipping any words, relates knowingly to 28 grams or more even before cocaine. The language of the statute does not contain any vagueness, ambiguity, or uncertainty that would permit a construction disassociating the culpable mental state of knowledge from the quantity element of "28 grams or more."
In applying statutes, this Court has said:
"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly *428 what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."

IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992) (emphasis added). We have also said:
"A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
"Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
"One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing Young's Case, 58 Ala. 358 (1877).
"No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra."

Clements v. State, 370 So.2d 723, 725 (Ala. 1979) (quoted in whole or in part in Murry v. State, 455 So.2d 72, 76 (Ala.1984), and in Walls v. State, 711 So.2d 490, 494 (Ala. 1997)) (emphasis added).

"`Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used....' United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816 (Ala.1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952)."
Ex parte Jackson, 614 So.2d 405, 406 (Ala. 1993) (emphasis added). "[T]he fundamental rule [is] that criminal statutes are construed strictly against the State. See Ex parte Jackson, 614 So.2d 405 (Ala. 1993)." Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala.2000) (emphasis added). The United States Supreme Court has stated:
"[I]f after considering traditional interpretive factors, we were left genuinely uncertain as to Congress' intent in this regard, we would assume a preference for traditional jury determination of so important a factual matter. Cf. Staples v. United States, 511 U.S. 600, 619, n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (rule of lenity requires that `ambiguous criminal statute[s] ... be construed in favor of the accused'); United States v. Granderson, 511 U.S. 39, 54, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (similar); United States v. Bass, 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (same)."
Castillo v. United States, 530 U.S. 120, 131, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000) (emphasis added).
Moreover, the Alabama Legislature enacted § 13A-2-4, Ala.Code 1975, to ensure that all criminal statutes would be interpreted to require an appropriate mental state to convict and would not be interpreted to allow strict liability as a basis for conviction. Section 13A-2-4 provides, in pertinent part:
"(a) When a statute defining an offense prescribes as an element thereof a specified culpable mental state, such mental state is presumed to apply to every element of the offense unless the context thereof indicates to the contrary.

*429 "(b) Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability."

(Emphasis added.) The Commentary to that statute observes:
"Subsection (b) explicitly states a policy adverse to arbitrary use of `strict liability' concepts. An express statement is required in the statute defining the offense if strict liability is being imposed."
The Alabama Legislature has enacted several criminal statutes punishing, separately, unlawful possession of a controlled substance, unlawful distribution of a controlled substance, and trafficking in a controlled substance. Section 13A-12-212(a), Ala.Code 1975, provides that "[a] person commits the crime of unlawful possession of controlled substance if ... he possess a controlled substance enumerated in Schedules I through V," which includes cocaine as a controlled substance. "Unlawful possession of a controlled substance is a Class C felony." § 13A-12-212(b). (Emphasis added.) Section 13A-12-211(a), provides that "[a] person commits the crime of unlawful distribution of controlled substances if ... he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in Schedules I through V." "Unlawful distribution of controlled substances is a Class B felony." § 13A-12-211(b). (Emphasis added.) As already stated, § 13A-12-231(2) provides that "[a]ny person who knowingly sells, manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine," is guilty of trafficking in cocaine. (Emphasis added.) Trafficking in cocaine is a Class A felony. § 13A-12-231(12).
The physical element that differentiates the Class A felony of trafficking in cocaine from the Class B felony of unlawful distribution of cocaine and the Class C felony of unlawful possession of cocaine is the quantity of "28 grams or more" in the trafficking statute. Any construction of the trafficking statute that fails to apply the culpable mental state, knowledge, to this quantity element, subjects the defendant to strict liability for the difference between the Class A felony of trafficking on the one hand and the Class B felony of distribution and the Class C felony of possession on the other hand. This strict liability, forbidden by 13A-2-4, in turn subjects the defendant not only to the greater punishment entailed strictly by the Class A classification of trafficking but also to the more drastic consequences of the Habitual Felony Offender Act if it is applicable to the particular defendant.
In Calhoun v. State, 460 So.2d 268 (Ala. Crim.App.1984), the Court of Criminal Appeals held § 20-2-80 (the similarly written predecessor to the current drug trafficking statute, § 13A-12-231) to require the State to prove that the accused had knowledge of both the presence and the quantity of the controlled substance to be convicted of drug trafficking.
"Calhoun argues that the State failed to prove that he knew he was in actual or constructive possession of more than 2.2 pounds of marijuana.
"Knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to *430 conviction for the offense of trafficking. Alabama Code 20-2-80 (1975). Section 20-2-80 (1975) states, in pertinent part, that `[a]ny person ... who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as "trafficking in cannabis."' Hence, under our trafficking statute, the State must prove that the accused knew he was in possession of more than one kilo of marijuana. That knowledge will almost always be proven by circumstantial evidence. `[G]uilty knowledge may be established by circumstantial evidence.' Knowledge of the presence and the quantity of the controlled substance may properly be inferred from the possession of the substance by the accused."
Calhoun, 460 So.2d at 270. (Citations omitted; some emphasis in original; some emphasis added.)
In the subsequent cases of Harris v. State, [Ms. CR-99-1439, August 25, 2000] ___ So.2d ___ (Ala.Crim.App.2000); Lester v. State, 725 So.2d 1075 (Ala.Crim.App. 1997); and Insley v. State, 591 So.2d 589 (Ala.Crim.App.1991), as well as in the opinion of the Court of Criminal Appeals now before us, that court has ignored its own well-reasoned precedent of Calhoun and has adopted the contrary rule that knowledge of the quantity of drugs is not an essential element of the offense of drug trafficking. This construction of the drug trafficking statute ignores the plain language of the statute and violates long-standing principles of statutory construction.
I am aware that courts in several other jurisdictions have held that similar statutes do not require knowledge of the quantity. See, e.g., Way v. State, 475 So.2d 239, 241 (Fla.1985); Robertson v. State, 596 A.2d 1345, 1355 (Del.1991); Cleveland v. State, 218 Ga.App. 661, 663, 463 S.E.2d 36, 38 (1995); State v. Raffaldt, 318 S.C. 110, 117, 456 S.E.2d 390, 394 (1995); and Commonwealth v. Rodriguez, 415 Mass. 447, 453, 614 N.E.2d 649, 653 (1993). But see People v. Ryan, 82 N.Y.2d 497, 626 N.E.2d 51, 605 N.Y.S.2d 235 (1993), which, faithful to the text of a like statute, holds that it does require knowledge of the quantity. In any event, however, we should not be relying on cases from other jurisdictions to construe our trafficking statute. Because "the language of the statute is unambiguous, ... there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." IMED Corp., 602 So.2d at 346.
Most of the Justices on this Court claim to follow principles of strict construction. If principles of strict construction are followed only when they favor the prosecution, however, they are neither principles nor strict.
On the one hand, the requested jury instruction is imperfect in that it would require proof that the "Defendant knew the amount of cocaine exceeded 28 grams" (emphasis added), when the instruction should require proof only that the Defendant knew the amount of cocaine equaled or exceeded 28 grams. On the other hand, the defendant's imperfect requested instruction quickened the trial judge's duty to formulate an appropriate one, see Craig v. State, 526 So.2d 644 (Ala.Crim.App. 1988), in this case simply by inserting the words equaled or immediately before the word exceeded. I respectfully submit that we should not affirm the judgment of the Court of Criminal Appeals but should reverse this conviction and remand this case for a retrial with an appropriate jury instruction to the effect that the defendant's knowledge that the quantity of cocaine was *431 28 grams or more is essential to a conviction.
LYONS, J., concurs.
NOTES
[1] The jury instruction Washington requested read as follows:

"In order to convict the Defendant of Trafficking in cocaine not only must the State prove that he knowingly possessed the controlled substance, the State must also prove beyond a reasonable doubt that the Defendant knew that the amount of cocaine exceeded 28 grams."