Stanley Frieson Washington was indicted for trafficking in cocaine, a violation of § 13A-12-231(2), Ala. Code 1975; distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975; and two counts of failure to affix a tax stamp, a violation of §40-17A-4, Ala. Code 1975. A jury convicted Washington on all counts. Washington appealed his conviction to the Court of Criminal Appeals, which affirmed the judgment of the trial court on all counts. Washingtonv. State, 818 So.2d 411 415 (Ala.Crim.App.) (opinion on return to remand). Subsequently, Washington filed a petition for certiorari review with this Court, which we granted. We affirm the judgment of the Court of Criminal Appeals.
Washington argues that the trial court erred in refusing to instruct the jury that, under § 13A-12-231(2), Ala. Code 1975, the State must prove that Washington knew that the quantity of cocaine he possessed exceeded 28 grams.[1] Section 13A-12-231(2) provides:
 "(2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'"
In support of his interpretation of § 13A-12-231(2), Washington cites Calhoun v. State, 460 So.2d 268 (Ala.Crim.App. 1984). He relies on the statement in that case that "under our trafficking statute, the State must prove that the accused knew he was in possession of more than one kilo of marijuana." Calhoun, 460 So.2d at 270. However, the pertinent *Page 426 
issue in Calhoun was not whether the defendant knew the precise quantity of the illegal substance, but whether "he knew he was in actual or constructive possession of more than 2.2 pounds of marijuana." Id. Thus, the court was not asked to decide whether the State was required to prove that Calhoun knew the quantity of marijuana he possessed, but rather, whether the State had offered sufficient proof that Calhoun was in actual or constructive possession of an illegal substance. Furthermore, in finding the evidence sufficient to submit the issue of Calhoun's guilt to the jury, the court stated: "Here, the quantity of the marijuana and paraphernalia found and its location throughout the house, when coupled with Calhoun's admission of ownership of some of the marijuana, constitutes sufficient circumstantial evidence to show Calhoun's knowing possession and control of the marijuana." Thus, in finding that the State presented sufficient evidence, the court did not require the State to prove that the defendant knew the actual quantity of the illegal substance.
The Court of Criminal Appeals has consistently interpreted the various subsections of § 13A-12-231 as requiring the State to prove the knowing possession of the controlled substance, but not knowledge of the actual quantity possessed. See Harris v. State, [Ms. CR-99-1439, August 25, 2000] ___ So.2d ___, ___ (Ala.Crim.App. 2000) ("In order to present a prima facie case of trafficking in cocaine, the State must prove that the defendant was knowingly in actual or constructive possession of 28 grams or more of cocaine. Korreckt v. State, 507 So.2d 558 (Ala.Crim.App. 1986). The state is not required to prove that the defendant knew that the cocaine in his possession weighed 28 grams or more."). See alsoInsley v. State, 591 So.2d 589, 591 (Ala.Crim.App. 1991) ("In a prosecution for trafficking in marihuana, the State need not prove that the defendant knew the weight of the marihuana proved to be in the defendant's possession."). This Court has also stated that the State must prove only that the defendant was knowingly in possession of a quantity of the illegal substance exceeding the quantity required under the trafficking statute. See Ex parte Presley, 587 So.2d 1022, 1023 (Ala. 1991).
Other jurisdictions have interpreted very similar statutes in the same manner. The Delaware Supreme Court concluded that its legislature "intended the mens rea to encompass only the substance itself — a knowledge of the amount need not be proven by the State. Thus, `[t]he word "knowingly," as used in the statute, modifies only the possession element of the offense and not the quantity.'" Robertson v. State,596 A.2d 1345, 1355 (Del. 1991). The Court of Appeals of Georgia has stated: "The trafficking statute explicitly requires as the mens rea that defendant know he or she possesses the substance and know it is cocaine. . . The statute is not, however, reasonably subject to the construction urged, that defendant must know or should know the substance possessed weighs at least 28 grams." Cleveland v. State, 218 Ga. App. 661, 663,463 S.E.2d 36, 38 (1995). The Supreme Court of Massachusetts reached much the same conclusion in Commonwealth v. Rodriguez, 415 Mass. 447, 453,614 N.E.2d 649, 653 (1993). That court stated:
 "[T]he Commonwealth need not prove that the defendant had actual knowledge of the quantity. Instead, in order to convict, the Commonwealth must satisfy the jury that the amount of cocaine was fourteen grams or more. . . . The judge was not required to instruct the jury that the defendant had to have actual knowledge that the quantity of cocaine was fourteen grams or more." *Page 427 
As the Supreme Court of South Carolina stated: "It is the amount of cocaine, rather than the criminal act, which triggers the trafficking statute, and distinguishes trafficking from distribution and simple possession." State v. Raffaldt, 318 S.C. 110, 117, 456 S.E.2d 390, 394
(1995). It is the same under § 13A-12-231(2). The criminal act is the sale, manufacture, and transportation to the State, or the possession of cocaine. The requirement that the defendant be in possession of 28 grams or more merely triggers the appropriate sentences and fines under the trafficking statute. Therefore, the trial court did not err in refusing to give Washington's requested jury instruction. We have considered Washington's other arguments and have found them to be without merit. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
Moore, C.J., and Houston, Brown, Harwood, and Stuart, JJ., concur.
See, J., concurs in the result.
Lyons and Johnstone, JJ., dissent.
[1] The jury instruction Washington requested read as follows:
 "In order to convict the Defendant of Trafficking in cocaine not only must the State prove that he knowingly possessed the controlled substance, the State must also prove beyond a reasonable doubt that the Defendant knew that the amount of cocaine exceeded 28 grams."