THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James Oscar Douglas, Jr., Appellant.
 
 
 

Appeal From Chester County
 Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-599
Submitted November 1, 2004  Filed November 30, 2004

AFFIRMED

 
 
 
 Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor John R. Justice, of Chester, for Respondent.
 
 
 

PER CURIAM: In January 2003, a jury convicted James Oscar Douglas, Jr., of assault and battery of a high and aggravated nature (ABHAN) and first-degree burglary in connection with the shooting of Carl Edward Bennett and the invasion of Bennetts home.  Douglas appeals, arguing two statements made by the State during its closing argument improperly mischaracterized Bennetts defense arguments.  We affirm. 
FACTS/PROCEDURAL BACKGROUND
In January 2002, Douglas was charged with one count each of first-degree burglary and assault and battery with intent to kill in connection with the September 2001 shooting of Carl Edward Bennett and the unlawful nighttime entry of Bennetts home.  At trial, Bennett and his girlfriend provided eyewitness testimony identifying Douglas as one of the people who forcibly entered Bennetts house and repeatedly shot him.  In addition, Theotis Hall testified that within a few hours following the incident Douglas admitted shooting Bennett.  Douglas presented an alibi defense.
In closing arguments, Douglass counsel said: 

 Whats missing?  Quite a bit, actually, quite a bit.  For one thing, that man got shot, where are the guns?  That man got shot, where are the shell casings?  That man got shot, where is the ballistics report, if there is a ballistics report?  That man got shot, how about fingerprint evidence?  Because if that mans fingerprints  Mr. Douglas fingerprints were found in that residence from that  crime scene, that would be pretty good evidence that he must have been there.
 Now, fiber evidence is available sometimes, footprint evidence, shoe print imprints, tire prints as people go and forensic laboratory kinds of stuff, none of which has been presented.  So that means one of two things, either it doesnt exist or if it does exist nothing could be done with it, either way its not in front of you.  So you have to decided [sic] without and what are you left with is testimony.  And the only evidence that has actually physically been admitted are statements  prior statements which we put in, statements having been given by States witnesses.  You do not even have the benefit, ladies and gentlemen, of a diagram of the inside of the house.

Later, in its closing argument, the State made the following statement:

 Now, [Douglas] would have you believe that the State is trying to hide something from you, that theres some magical part of this case out there that you havent seen.  Well, no there isnt.

Douglas objected, stating, I have not implied that the State is trying to hide anything, quite the contrary.  The trial court responded, stating, All right.  Well, I believe hes on closing, Im going to overrule your objection and give him some latitude.  Just please confine your closings, though, to the facts in the record and inferences which may be drawn therefrom.  The State then immediately began presenting the facts of the case.  
The State later argued, [Douglass counsel] says, Well, theres no photographs.  Theres no physical evidence so that means it didnt happen.  Douglas objected, stating, I never said it didnt happen.  I simply said they cant determine identity of the people involved from forensic evidence.  The trial court overruled Douglass objection, stating, He has the right to interpret the evidence and argue in the light consistent with the testimony and the evidence in his argument.  With that, the State shifted its argument toward an emphasis on the importance of witness testimony.
The jury convicted Douglas of Burglary-1st and ABHAN.  This appeal followed.
LAW/ANALYSIS

Douglas argues that two statements made by the State during its closing argument improperly mischaracterized his defense.  We find no error as to the first statement and no reversible error as to the second statement. 
It is well settled that the trial court is vested with broad discretion in determining the propriety of the solicitors argument, and [its] ruling will be upheld where there is not [an] abuse of discretion.  State v. Raffaldt, 318 S.C. 110, 114-15, 456 S.E.2d 390, 393 (1995).  To merit reversal on appeal, an appellant must show he did not receive a fair trial and that a particular comment so infected the trial with unfairness as to make the resulting conviction a denial of due process.  State v. Brown, 333 S.C. 185, 191, 508 S.E.2d 38, 41 (Ct. App. 1998).  Additionally, any alleged impropriety must be examined on appeal in light of the entire record.  Id.  
Here, in both the first and second challenged statements, the circuit court deemed the arguments proper, leaving the State free to continue pursuing these lines of argument.  However, in both instances the State immediately moved to other lines of argument.  
While we find the trial court properly overruled the first objection, we agree with Douglas that the second challenged statement constituted improper argument.  We do not believe, however, that the error rises to the level of reversible error.  As noted, the State promptly abandoned the challenged argument.[1]  Based on our view of the entire record, we do not find that the circuit courts failure to sustain Douglass objection to the argument in question so infected the trial with unfairness as to make the resulting conviction a denial of due process.  State v. Brown, supra. We find Douglas received a fair trial.
AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]  We further note that the jury had the benefit of Douglass response to the States argument through counsels speaking objection, i.e., I never said it didnt happen.  I simply said they cant determine identity of the people involved from forensic evidence.  This reply to the jury by Douglass counsel, disguised as an objection to the court, mitigates against a finding of prejudice resulting from the improper argument.