MOORE, Chief Justice
(concurring specially).
I concur in denying this petition for a writ of certiorari to the Court of Criminal Appeals. In his petition for the writ of certiorari, John Henley Hyer argues, among other things, that the Court of Criminal Appeals erred in refusing to remand his case to the circuit court for an evidentiary hearing to address his claim that the trial court lacked jurisdiction to render a judgment or to impose a sentence because Hyer was deprived of his right to counsel and did not knowingly, intelligently, or voluntarily waive that right when he pleaded guilty to murder in 1975. The Court of Criminal Appeals addressed this issue in its unpublished memorandum affirming the circuit court’s denial of Hyer’s Rule 32, Ala. R.Crim. P., petition:
“Hyer’s claim on appeal that he was deprived of his right to counsel at his arraignment was not first presented in his [Rule 32, Ala. R.Crim. P.,] petition. We acknowledge, however, that ‘[t]he right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction,’ Weakley v. State, 721 So.2d 235, 236 (Ala.1998), and that jurisdictional issues can be raised at any time. See Nunn v. Baker, 518 So.2d 711 (Ala.1987). However, we also recognize that:
“ “A court of general jurisdiction proceeding within the scope of its powers will be presumed to have jurisdiction to give the judgments and decrees it renders until the contrary appears. So, a court of general jurisdiction is presumed to have acted within its powers, and *224 the burden is on the accused affirmatively to show that it had no jurisdiction, unless facts showing want of jurisdiction affirmatively appear on the record.”
“‘22 C.J.S. Criminal Law § 174 (1989). “[A] court conducting a criminal proceeding is presumed to have jurisdiction, whether or not there are recitals in its record to show it.” 22A C.J.S. Criminal Law 702 (1989).’
“Willingham v. State, 796 So.2d 440, 443 (Ala.Crim.App.2001)(emphasis added).
“Hyer did not include this claim in his Rule 32 petition, and nothing in the Rule 32 record indicates that Hyer was not represented by counsel at his arraignment. We will not presume a jurisdictional defect where there is no indication in the record that one exists.
“ ‘This Court will not remand a case to the circuit court to hold an evidentiary hearing on a jurisdictional claim that was not presented in the petitioner’s Rule 32 petition unless facts appear in the record affirmatively showing a lack of jurisdiction.’
“Fincher v. State, 837 So.2d 876, 881 (Ala.Crim.App.2002).”
Hyer v. State (No. CR-12-1711, February 7, 2014), — So.3d — (Ala.Crim.App.2014) (table).
Hyer argues that this holding by the Court of Criminal Appeals conflicts with Ex parte Walker, 800 So.2d 135, 138 (Ala.2000) (“If a Rule 32 petition contains allegations that, if true, would entitle the petitioner to relief, the trial court must hold an evidentiary hearing.”). Walker, however, is inapplicable to this case because Hyer did not plead this jurisdictional claim in his petition; therefore, the Court of Criminal Appeals’ decision does not conflict with Walker. Nevertheless, Hyer may raise this claim in another Rule 32 petition under Rule 32.2(b), Aa. R.Crim.App., if he can show that he “is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence” or that “good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and ... failure to entertain the petition will result in a miscarriage of justice.”